COMMONWEALTH of Pennsylvania, Appellee

v.

**Wayne Leroy ANGEL, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 8, 2008.

Filed March 11, 2008.

Reargument Denied May 12, 2008.

---

**116** ■ ■

John M. Crabbs, Hanover, for appellant.

Sarah M. Costillo, Asst. Dist. Atty., Gettysburg, for the Com., appellee.

BEFORE: STEVENS, ORIE
MELVIN and BENDER, JJ.

OPINION BY ORIE MELVIN, J.:

¶ 1 Appellant, Wayne Angel, appeals from the judgment of sentence imposed following his conviction of driving under the influence (DUI). He challenges the trial court's refusal to suppress evidence. After review, we affirm.

¶ 2 The facts and procedural history may be summarized as follows. On February 25, 2006, Appellant was charged with driving under the influence and several other violations of the Vehicle Code. Following a preliminary hearing on June 27,

2006, his counsel filed an omnibus pre-trial motion which sought suppression of all evidence obtained against him including the results of the blood test performed on the night of his arrest. Certified Record (C.R.) at 50. Counsel agreed to submit a transcript of the preliminary hearing to the trial court together with a stipulation of fact for purposes of ruling on the suppression motion. *Id.* at 59. The trial court summarized its factual findings based on that record as follows.

On February 25, 2006 at approximately 1:46 A.M. Trooper Luigi Dirienzo of the Pennsylvania State Police was on routine patrol traveling north on U.S. Route 15 in Straban Township, Adams County, Pennsylvania. Trooper Dirienzo observed the right tires of a white Dodge pickup truck, traveling in front of him, cross the fog line in a jerky movement on two occasions over a distance of one-half mile and then fail to make a right turn signal as the truck made a right turn onto the exit ramp at the intersection of Routes 15 and 30. Trooper Dirienzo effectuated a traffic stop.

As he approached the truck to explain the reason for the stop, the trooper discovered [Appellant] to be the operator. The trooper detected a strong odor of an intoxicating beverage emitting from [Appellant]. His eyes were bloodshot and his speech "slurred a bit." The trooper requested that [Appellant] exit the truck to perform field sobriety tests. [Appellant] stated that he had poor balance and refused to perform the tests. The trooper placed [Appellant] under arrest and transported him to the Gettysburg Hospital. At 2:10 A.M. the trooper advised [Appellant] of the Implied Consent law and of his O'Connell warnings.[1] At

---

1. *Commonwealth, Department of Transportation v. O'Connell*, 521 Pa. 242, 555 A.2d 873

(1989). "The *O'Connell* warning must specifically inform a motorist (1) that his driving

2:21 A.M. blood was drawn from [Appellant] which revealed a blood alcohol level of 0.174[%].

Trial Court Order, 1/12/07, at 1–2 (numbered paragraphs omitted).

¶ 3 The trial court denied the motion to suppress and the case proceeded to a bench trial, after which Appellant was convicted of DUI and violating the Vehicle Code provision relating turning movements and required signals.[2] Following a sentence of 6 months' intermediate punishment plus payment of fines and costs, Appellant filed a timely appeal wherein he raises a single issue:

> Did the arresting officer, at the time of the arrest, have probable cause to believe that the driver's blood alcohol content was (or would be within two hours) 0.08% or greater, based upon two minor deviations from perfect driving, failure to signal a move onto an exit ramp[,] observation of a strong odor of an intoxicating beverage and *inability* to take a field sobriety test?

Appellant's brief at 3 (emphasis in original).[3]

■ ¶ 4 An appellate court's standard of review of an order denying a suppression motion is well established.

> [W]e may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Russo*, 594 Pa. 119, 126, 934 A.2d 1199, 1203 (2007) (citation omitted). "An appellate court, of course, is not bound by the suppression court's conclusions of law." *Id.* However, "[i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony." *Commonwealth v. Dutrieville*, 932 A.2d 240, 242 (Pa.Super.2007) (citation omitted).

■ ¶ 5 Appellant's argument begins with his suggestion that Trooper Dirienzo lacked the requisite probable cause to stop his vehicle.[4] This argument lacks merit for two reasons. First, Section 6308 of the Vehicle Code was amended effective February 1, 2004 to require that a police officer need only have "reasonable suspicion" that a violation of the Vehicle Code has occurred or is occurring, rather than probable cause. 75 Pa.C.S.A. § 6308(b); *Commonwealth v. Hilliar*, 2008 PA Super 22, ¶ 6 n. 1, 943 A.2d 984 (2008). Second, the record is clear that Trooper Dirienzo stopped Appellant's vehicle because he observed Appellant twice cross the fog line along his lane of traffic over a distance of ½ mile then move onto the exit ramp without using his turn signal as required by Section 3334 of the Vehicle Code. *See* N.T. Hearing, 6/27/06, at 4–5, 9–12. Based on

---

privileges will be suspended for one year if he refuses chemical testing; and (2) that his *Miranda* rights do not apply to chemical testing." *Commonwealth v. Boucher*, 547 Pa. 440, 445, 691 A.2d 450, 452 (1997).

2. 75 Pa.C.S.A. §§ 3802 and 3334, respectively.

3. We note that Appellant and the trial court have complied with Pa.R.A.P. 1925.

4. Although this issue was not specifically set forth in Appellant's Statement of Questions, we conclude it was sufficiently "suggested thereby" such that effective appellate review is not impeded. *See* Pa.R.A.P. 2116(a); *Commonwealth v. Bell*, 901 A.2d 1033, 1034 (Pa.Super.2006) (declining to find issue waived despite absence of Rule 2116(a) Statement of Questions since issue was easily discernable from brief), *appeal denied*, 592 Pa. 757, 923 A.2d 409 (2007).

our review, we conclude that the state trooper possessed the reasonable suspicion necessary to effectuate the traffic stop on the night in question. *See Commonwealth v. Fulton,* 921 A.2d 1239, 1243 (Pa.Super.2007) (finding experienced officer who observed driver swerve over fog line three times within 30 seconds in dense fog possessed reasonable suspicion to shop vehicle), *appeal denied,* 594 Pa. 686, 934 A.2d 72 (2007).

¶ 6 The essence of Appellant's claim is that the trooper did not have probable cause to arrest him for DUI, and he cites various cases wherein he suggests the record provided much more support for an arrest than was the case here. This Court has recently explained that, "[p]robable cause exists where the officer has knowledge of sufficient facts and circumstances to warrant a prudent person to believe that the driver has been driving under the influence of alcohol or a controlled substance." *Hilliar, supra,* at ¶ 18, 943 A.2d 984. Additionally, "[p]robable cause justifying a warrantless arrest is determined by the 'totality of the circumstances.' Furthermore, probable cause does not involve certainties, but rather the factual and practical considerations of everyday life on which reasonable and prudent [persons] act." *Commonwealth v. Williams,* 2008 PA Super 6, ¶ 19, 941 A.2d 14 (2008) (citations and internal quotation marks omitted).

■ ¶ 7 Instantly, the record reflects that Trooper Dirienzo stopped Appellant's vehicle based on his reasonable suspicion that Appellant had committed violations of the Vehicle Code. When the trooper spoke to Appellant, he detected classic signs of intoxication: an odor of alcohol together with Appellant's slurred speech and glassy eyes. Then, when asked if he would submit to field sobriety tests, Appellant stated that he could not do so because of a medical condition.

¶ 8 We find, under the totality of the circumstances, that the state trooper possessed the requisite probable cause to arrest Appellant for DUI in this case as he had knowledge of sufficient facts to warrant a belief that Appellant had been driving under the influence of alcohol or a controlled substance. In reaching this conclusion, we reject one particular argument made repeatedly throughout Appellant's brief. Contrary to his assertions, the fact that Appellant stated to the trooper that he could not complete field sobriety tests is not a circumstance which militates in his favor. Appellant's brief at 9–10. We have previously considered the fact of a driver's refusal to perform field sobriety tests and to submit to chemical testing in determining whether the evidence was sufficient to sustain a conviction of DUI. *Commonwealth v. Hartle,* 894 A.2d 800, 804–05 (Pa.Super.2006).[5] We see no reason why a driver's refusal to submit to field testing should not similarly be considered in evaluating whether probable cause exists to arrest him or her for DUI. Moreover, if we were to accept Appellant's argument, then a police officer who suspected a driver of operating his or her vehicle under the influence would have no choice but to permit that driver to simply drive away after such a response without regard to the truth or falsity of the statement and despite clear indications of impairment.[6] Such a position is completely

---

**5.** The Commonwealth Court has also considered evidence that a driver refused to submit to field sobriety tests in determining whether reasonable grounds existed for the officer to request a chemical test. *Mooney v. Common-*

*wealth, Department of Transportation,* 654 A.2d 47, 49 (Pa.Cmwlth.1994).

**6.** Compare *Quick v. Commonwealth, Department of Transportation,* 915 A.2d 1268, 1271

untenable and contrary to the law of this Commonwealth.

¶ 9 Judgment of sentence affirmed.

(Pa.Cmwlth.2007) (explaining that failure to successfully perform breathalyzer test amounts to a refusal "absent a *proven medical reason* that precludes the licensee from so doing.") (emphasis added).

