J-S56038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEREMIAH A. SELVEY, | |
| Appellant | No. 810 MDA 2015 |

Appeal from the Judgment of Sentence April 29, 2015
in the Court of Common Pleas of Franklin County
Criminal Division at No.: CP-28-CR-0000178-2013

BEFORE:  SHOGAN, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                 **FILED NOVEMBER 06, 2015**

Appellant, Jeremiah A. Selvey, appeals from the judgment of sentence entered on April 29, 2015, following his conviction of three counts of driving under the influence (DUI).[1]  On appeal, Appellant challenges the denial of his motion to suppress.  For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from the trial court's opinion of February 16, 2015, and our independent review of the certified record.

Testimony was taken at the suppression hearing on December 26, 2013.  At the hearing the arresting officer, Officer Matthew Lynch of the Chambersburg Police Department, was the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(d)(1)(i), (ii), and (d)(2).

sole witness to testify. Officer Lynch testified that he has completed numerous training courses relating to the detection of impairment including: Drug Recognition School; Field Coordination; Drug Recognition Expert School; Standardized Field Sobriety Testing Instructor Course; Advance Roadside Impaired Driving Enforcement Seminar; and Standardized Field Sobriety Testing Training.

The salient facts are as follows. On October 14, 2012 at around 1:09 a.m., Officer Lynch observed [Appellant's] vehicle being driven in the area of Hood Street very slowly in what he believed to be an overly cautious manner. Officer Lynch testified that there were only a handful of cars in the area and at that time of day [and in that area,] there tends to be more impaired drivers on the road. Officer Lynch followed [Appellant] for a short time and did not observe [him] commit any traffic violations. Shortly thereafter Officer Lynch conducted a vehicle stop after confirming that the registration on the vehicle was suspended. Initially Officer Lynch noticed [Appellant] stopped his vehicle in the middle of the road even though there was room on the side of the road for [him] to stop. [After remaining in the middle of the road for several seconds, Appellant pulled his car over to the right side of the road.] Officer Lynch then made contact with [Appellant], standing less than an arm's length away. Officer Lynch immediately smelled alcohol emanating from the vehicle. Officer Lynch noticed [Appellant's] eyes were glassy and he had reddened conjunctiva, i.e., pinkeye [a known side effect of marijuana use]. Officer Lynch testified that when asking [Appellant] questions it seemed as though he had a hearing problem or that he did not comprehend because he did not respond at normal speed. Officer Lynch further testified that when he asked [Appellant] for the car registration, [he] slowly and lethargically sifted through his papers.

Officer Lynch then requested that [Appellant] alight from his vehicle to perform field sobriety tests. [Appellant] was asked three times to step out of the vehicle before he responded. The first test that [Appellant] performed was the Horizontal Gaze Nystagmus ("HGN") Test. Officer Lynch observed no HGN although he testified that HGN is generally activated by alcohol. During the HGN Test [Appellant] did show a lack of convergence which indicated recent cannabis usage according to Officer Lynch. [Appellant] also performed the Romberg Balance Test where he estimated the passage of 30 seconds in 12 seconds.

Officer Lynch also noticed [he] had body [and eye] tremors. Officer Lynch noticed other signs of recent cannabis [usage] such as dilated pupils, green discoloration of the tongue; and [Appellant's] heart rate was abnormally high at 136 beats per minute. When asked when he last smoked [cannabis, Appellant] responded, "60 to 90 days ago." In Officer Lynch's opinion according to his experience, training and education, [Appellant] showed several signs that he was incapable of safe driving.

(Trial Court Opinion, 2/16/15, at 1-3).

Officer Lynch arrested Appellant and transported him to Chambersburg Hospital for a blood draw. (**See** N.T. Suppression Hearing, 12/26/13, at 25). Appellant's blood tested positive for marijuana use. (**See id.** at 26). On March 4, 2013, the Commonwealth filed a criminal information charging Appellant with the above-mentioned offenses. On May 1, 2013, Appellant filed a motion to suppress. The trial court held a hearing on Appellant's motion on December 26, 2013. On February 14, 2014, the trial court denied Appellant's motion to suppress.

On September 11, 2014, the trial court issued an order memorializing the parties' agreement to a non-jury trial. They also agreed to the admittance of the blood tests results, and that the only witnesses testifying would be Officer Lynch and possibly Appellant. On October 23, 2014, the trial court issued a second order stating that, at the time of trial, the parties agreed that the trial court could decide Appellant's guilt or innocence based upon the transcript of the testimony from the suppression hearing. On February 16, 2015, the trial court found Appellant guilty of the above-mentioned charges. On April 29, 2015, the trial court sentenced Appellant

to a term of incarceration of not less than two nor more than six months. Appellant did not file any post-trial motions.

On May 11, 2015, Appellant filed a timely notice of appeal. On May 12, 2015, the trial court directed Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant filed his timely Rule 1925(b) statement on May 20, 2015. On May 21, 2015, the trial court issued an opinion adopting its earlier opinion of February 16, 2015. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following question for our review:

> Did the suppression court err in denying [Appellant's] [m]otion to [s]uppress the seizure of [Appellant's] person, his subsequent arrest and the results of the blood test, because the seizure, arrest and blood test were all performed without sufficient probable cause by the arresting officer to believe that [Appellant's] ability to drive was impaired, thereby violating [Appellant's Fourth] Amendment rights?

(Appellant's Brief, at 8).

On appeal, Appellant challenges the denial of his motion to suppress. (*See id.* at 14-18). When we review a ruling on a motion to suppress, "[w]e must determine whether the record supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from these findings." *Commonwealth v. Holton*, 906 A.2d 1246, 1249 (Pa. Super. 2006), *appeal denied*, 918 A.2d 743 (Pa. 2007) (citation omitted). Because the court in the instant matter found for the prosecution, we will consider only the testimony of the prosecution's witnesses and any

- 4 -

uncontradicted evidence supplied by Appellant. *See id.* If the evidence supports the suppression court's factual findings, we can reverse only if there is a mistake in the legal conclusions drawn by the court. *See id.*

On appeal, Appellant admits that Officer Lynch had probable cause to effectuate the stop of his vehicle. (*See* Appellant's Brief, at 15). However, Appellant argues that, "this suspended registration was not an indicator of impaired driving. In order to conduct a lawful warrantless arrest for DUI, Officer Lynch needed to have additional probable cause to believe [Appellant] was impaired." (*Id.*) (citation omitted). Appellant maintains that Officer Lynch did not perform all the field sobriety tests and did not observe any impaired driving. (*See id.* at 17-18). He asserts that the results of the blood test should have been suppressed. We disagree.

Officer Lynch arrested Appellant for violations of 76 Pa.C.S.A. § 3802, which states in pertinent part:

> (d) Controlled substances.--An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> > (1) There is in the individual's blood any amount of a. . . .
> >
> > > (iii) metabolite of a substance under subparagraph (i) or (ii).

75 Pa.C.S.A. § 3802(d)(1)(iii). Thus, as the Commonwealth correctly states, (*see* Commonwealth's Brief, at 4), a defendant does not need to be impaired to violate this statute, which prohibits driving when a defendant

has any amount of a controlled substance in his blood. **See Commonwealth v. Etchison**, 916 A.2d 1169, 1174 (Pa. Super. 2007), *affirmed*, 943 A.2d 262 (Pa. 2008). A police officer has the authority to arrest an individual without a warrant if there is probable cause to believe the person violated the DUI statute. **See Commonwealth v. Dommel**, 885 A.2d 998, 1001 (Pa. Super. 2005), *appeal denied*, 920 A.2d 831 (Pa. 2007). Our Supreme Court has stated:

> Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require **only a probability**, and not a *prima facie* showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

**Commonwealth v. Thompson**, 985 A.2d 928, 931 (Pa. 2009) (citations and quotation marks omitted, emphasis in original). The Court also stated that:

> [p]robable cause is a practical, nontechnical conception: it is a fluid concept—turning on the assessment of probabilities in particular factual contexts not readily, or even usefully, reduced to a neat set of legal rules. Indeed, the instant case illustrates as clearly as any other the very reason we adopted this approach, namely, the need to be mindful of the notion of probable cause as based on the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.

**Commonwealth v. Ruey**, 892 A.2d 802, 815-16 (Pa. 2006) (citations and quotation marks omitted).

Recognizing these principles, this Court has stated:

Probable cause does not involve certainties, but rather the factual and practical considerations of everyday life on which reasonable and prudent men act. It is only the probability and not a *prima facie* showing of criminal activity that is a standard of probable cause. To this point on the *quanta* of evidence necessary to establish probable cause . . . finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in the [probable-cause] decision.

***Dommel***, ***supra*** at 1002 (citations and quotation marks omitted).

Here, the record shows that, at 1:09 a.m., Officer Lynch, an experienced police officer with extensive training in recognizing individuals driving under the influence, was patrolling at a time and in an area where it was common for persons to drive under the influence. (***See*** N.T. Suppression Hearing, at 5-10). He testified that Appellant was driving in a very slow and overly cautious manner and a check showed that his registration was suspended. (***See id.*** at 10-11). Despite there being places to pull over, Appellant stopped in the middle of the road, waited several seconds and then pulled over to the side of the road. (***See id.*** 11-12). Upon making contact, Officer Lynch smelled alcohol emanating from the vehicle and noticed Appellant's eyes were glassy and pinkish. (***See id.*** at 12). He testified that "pink eye" is a common side effect of marijuana consumption. (***Id.*** at 14; ***see id.*** at 14-15). Officer Lynch observed that Appellant had difficulty responding to questions, in finding the relevant

license, registration and insurance documents, and moved in a slow, lethargic manner. (*See id.* at 12-13).

Officer Lynch asked Appellant to exit his vehicle but Appellant did not appear to understand the request, and had to be asked three times before slowly leaving the vehicle. (*See id.* at 16). Officer Lynch again observed that Appellant's eyes were glassy, red, and his pupils were dilated. (*See id.* at 14-15). Appellant admitted to marijuana use within the last sixty to ninety days. (*See id.* at 25).

Officer Lynch detected several other signs of marijuana use when he performed the HGN and Romberg Balancing field sobriety tests. (*See id.* at 19-20). These included: eye tremors, body tremors, lack of convergence during the HGN test, green discoloration of the tongue, and an inability to correctly estimate the passage of time. (*See id.*). He took Appellant's pulse and found his heart rate to be highly elevated, another known symptom of marijuana use; he testified that, based upon his experience, Appellant's pulse was too high to be caused by the fact of the traffic stop. (*See id.* at 21-23). Officer Lynch stated that he could not perform the full range of sobriety tests because of problems with the terrain. (*See id.* at 19-20).

Initially, we note that this Court does not require the failure of field sobriety tests in order to arrest an individual for DUI. *See Commonwealth v. Simmen*, 58 A.3d 811, 817 (Pa. Super. 2012). Moreover, "[e]rratic driving is not a super-factor, much less one determinative of DUI."

*Commonwealth v. Salter*, — A.3d —, 2015 WL 4626915, at *5 (Pa. Super., filed August 4, 2015).

Here, Appellant, driving a vehicle with registration under suspension, had problems obeying police commands promptly, had glassy and pinkish eyes, dilated pupils, a green discoloration of his tongue, failed field sobriety tests and exhibited several other known signs of marijuana use. In the totality of the circumstances, Officer Lynch had sufficient probable cause to arrest Appellant for DUI. **See id.** (despite absence of erratic driving and slurred speech, there was probable cause to arrest where there was odor of alcohol emanating from vehicle, defendant had bloodshot eyes and performed poorly on field sobriety tests); **see also Commonwealth v. Weaver**, 76 A.3d 562, 568 (Pa. Super. 2013), *affirmed*, 105 A.3d 656 (Pa. 2014) (sufficient probable cause to arrest where defendant was sluggish and slow to respond to commands and failed HGN test); **Simmen**, **supra** at 817-18; **Commonwealth v. Angel**, 946 A.2d 115, 118 (Pa. Super. 2008) (sufficient probable cause to arrest on suspicion of DUI, even in absence of field sobriety tests, where defendant had slurred speech, smelled of alcohol, and had glassy eyes). The trial court properly denied the motion to suppress. Appellant's claim lacks merit.

Accordingly, for the reasons discussed above, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/2015