J-A30031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEITH AUBREY BROOKIN II | |
| Appellant | No. 588 MDA 2016 |

Appeal from the Judgment of Sentence entered March 31, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0005005-2015

BEFORE:  BOWES, OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED APRIL 07, 2017**

Appellant, Keith Aubrey Brookin II, appeals from the judgment of sentence the Court of Common Pleas of Dauphin County entered on March 31, 2016.  Appellant argues the trial court erred in finding the arresting officer had reasonable suspicion to believe Appellant was involved in criminal activity.  We disagree.  Accordingly, we affirm the judgment of sentence.

The trial court summarized the relevant factual background as follows:

On June 24, 2015, Officer Patrick Walsh of Swatara Township Police Department  was on patrol with his car window down.  It was sometime around 1 a.m. when he saw a beige Buick parked in front of 920 High Street.  As he drove past, he saw a man talking to the driver and heard a woman yelling and screaming. The woman seemed agitated, she was seated in the front passenger seat and seemed to be yelling at someone inside the car.

[Officer Walsh] circled the block and approached the car again to stop and make sure everything was ok.  As he pulled up behind

the vehicle, without lights, three people fled: the male talking to the driver, the female passenger who had been yelling and a male who had been sitting in the back seat. Based on the yelling, Officer Walsh [] stopped to make sure there was no domestic [violence] situation happening.

[Officer] Walsh did not even have time to exit his car before everyone started leaving. As soon as the three people left, the car also began pulling away and the car stopped about 100 feet from where it had been.

[Officer] Walsh approached the driver to inquire about the female who had been yelling and upon contact with him, he noticed a strong odor of alcohol. He asked Appellant if he had been drinking and Appellant indicated he had two beers earlier that evening. Other officers arrived between five and [ten] minutes later and [Officer] Walsh explained to them what had happened.

When those officers inquired, Appellant indicated he had been at Hungry Dog's Bar and Grill earlier that evening where he had been drinking, but he hadn't had anything to drink after that, which was about 10:00 p.m.

[Officer] Walsh performed field sobriety tests which Appellant performed unsatisfactorily and so Appellant was placed under arrest for suspicion of driving under the influence. The subsequent blood test indicated a BAC of .171 as well as traces of THC.

Officer Walsh never spoke with the female in the car, but Appellant admitted that she had been yelling at him.

Trial Court Opinion, 5/11/16, at 1-2 (citations to record and footnote omitted).

We conduct our review according to the following authorities:

Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the

suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010) (internal citations and quotation marks omitted). We limit our review to the evidence produced at the suppression hearing. *In re L.J.*, 79 A.3d 1073 (Pa. 2013). The Commonwealth bears the burden of producing evidence and establishing that it did not violate the defendant's rights in gathering evidence. Pa.R.Crim.P. 581(H).

As noted above, Appellant argues the officer did not have reasonable suspicion to believe he was involved in criminal activity. Accordingly, Appellant argues the officer illegally stopped him.

In *Commonwealth v. Brown*, 996 A.2d 473 (Pa. 2010), our Supreme Court explained:

While warrantless seizures such as a vehicle stop are generally prohibited, they are permissible if they fall within one of a few well-delineated exceptions. One such exception allows police officers to detain individuals for a brief investigation when they possess reasonable suspicion that criminal activity is afoot. Reasonable suspicion is a less stringent standard than probable cause necessary to effectuate a warrantless arrest, and depends on the information possessed by police and its degree of

reliability in the totality of the circumstances. In order to justify the seizure, a police officer must be able to point to specific and articulable facts leading him to suspect criminal activity is afoot. In assessing the totality of the circumstances, courts must also afford due weight to the specific, reasonable inferences drawn from the facts in light of the officer's experience and acknowledge that innocent facts, when considered collectively, may permit the investigative detention.

*Id.* at 476-77 (quotation marks and internal quotations omitted).

The trial court found that reasonable suspicion existed in this case, reasoning as follows:

Officer Walsh specifically testified that while on patrol he [became] concerned about a possible domestic [violence] situation because he heard a woman yelling from a car. Upon approaching the vehicle, the woman and two men fled while the vehicle pulled away. In that moment, he decided to stop the vehicle rather than pursue the three people on foot. Part of a patrol officer's duty is to investigate suspicious activity. A loud argument, in the middle of the night, where everyone leaves when police approach is certainly a situation where a reasonable man would be suspicious of criminal activity. [Officer] Walsh even testified that he was concerned that the criminal activity was a domestic violence situation. While that was not ultimately what occurred, it was enough for him to stop the vehicle to investigate. He did question Appellant about the argument, but as he smelled the odor of alcohol and Appellant admitted to drinking earlier, the investigation quickly turned from a possible domestic violence situation into a DUI investigation.

Trial Court Opinion, 5/11/16, at 3-4. We agree with the trial court's analysis and conclusions that, under the totality of circumstances, Officer Walsh had reasonable suspicion to stop Appellant.

In his brief, Appellant also argues that the officer's concerns about the safety for the woman were unsupported by his actions following the interaction with the group. Appellant seems to argue that the officer is not

credible because had he been concerned with the woman's safety, the officer should have pursued the woman, not Appellant. If he is so arguing, Appellant is not entitled to relief. As a reviewing court, we do not make credibility determinations or reweigh witnesses' testimony. **See Commonwealth v. Angel**, 946 A.2d 115, 117 (Pa. Super. 2008).

Additionally, Appellant argues the officer essentially misunderstood or misconstrued the facts leading to the stop. In Appellant's view, there was nothing suspicious or concerning about a woman yelling at somebody else, while they were in a stopped vehicle on a public road at 1 a.m., who then fled upon being approached by a marked police vehicle. In Appellant's view, these facts merely showed innocent activity by Appellant insufficient to support a detention.

Appellant ignores that "[w]hen considering the totality of the circumstances, we need not limit our inquiry to only those facts that clearly and unmistakably indicate criminal conduct. Instead, even a combination of innocent facts, when taken together, may warrant further investigation by the police officer." **Commonwealth v. Caban**, 60 A.3d 120, 129 (Pa. Super. 2012) (internal quotation marks and citations omitted). Thus, the mere fact Appellant's actions may have had an innocent explanation does not undermine the officer's reasonable determination that those facts warranted further investigation. **See**, **e.g.**, **Commonwealth v. Riley**, 715 A.2d 1131, 1135 (Pa. Super. 1998) ("Merely because a suspect's activity

may be consistent with innocent behavior does not alone make detention and limited investigation illegal."). The question whether the detention is supported by reasonable suspicion to detain for investigation must be determined in light of the information the officer had at the time of the stop, giving "due weight to the specific inferences the police officer is entitled to draw from the facts in light of his experience." ***Commonwealth v. Rogers***, 849 A.2d 1185, 1189 (Pa. 2004) (quotation marks, brackets, and citation omitted). We also note "that the police have a duty to respond seriously to reported[1] domestic conflict situations, and in doing so, they must be accorded some latitude in making on-the-spot judgments as to what actions to take and what actions are reasonably necessary to protect themselves and potential victims of abuse." ***Commonwealth v. Davido***, 106 A.3d 611, 623-24 (Pa. 2014).

Here, considering the facts, as recounted above, in light of the aforementioned authorities, we conclude the trial court did not err in denying Appellant's motion to suppress.

Judgment of sentence affirmed.

Judge Olson joins this memorandum.

---

[1] We are aware there was no outstanding report of possible domestic violence situation here. However, the underlying facts are even stronger. Indeed, the officer personally heard the woman yelling, which, coupled with the other circumstances noted above, led him to believe he had to investigate the matter on a suspicion of domestic violence in progress.

Judge Bowes files a dissenting memorandum.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/7/2017