J-A12016-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL MORALES | : | |
| | : | |
| Appellant | : | No. 1456 EDA 2022 |

Appeal from the Order Entered May 13, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0021811-2019

BEFORE:  OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:                  **FILED AUGUST 15, 2023**

Appellant Angel Morales appeals from the judgment of sentence made final by the order entered in the Court of Common Pleas of Philadelphia County which denied Appellant's petition for writ of *certiorari*,[1] following Appellant's conviction for Driving Under the Influence (DUI) in the Philadelphia Municipal Court.  Appellant argues that the Court of Common Pleas (*certiorari* court) erred in rejecting Appellant's suppression claims and denying his petition for writ of *certiorari*.  We affirm.

The *certiorari* court summarized the underlying facts of this case as follows:

_____

[1] The order filed in the Philadelphia Court of Common Pleas denying a petition for writ of *certiorari* confirms the judgment of sentence for purposes of appeal. ***See, e.g.***, ***Commonwealth v. Stilo***, 138 A.3d 33, 34 (Pa. Super. 2016).

On August 16, 2019, Officer Edwards and his partner arrived at the location of the 4000 block of North 5th Street, in Philadelphia, in response to a call for a disturbance on the highway. N.T., 11/6/19, at 6. When they arrived at this location, they observed several people on the street pointing in the direction of a vehicle traveling eastbound on Luzerne going towards 5th street being driven by [] Appellant and stating that he had assaulted them. *Id.* at 7.

Officer Edwards and his partner observed the vehicle, driven by Appellant, pull into the Cousin's supermarket parking lot at 5th and Luzerne. *Id.* at 7. They further observed [] Appellant drive approximately 150 feet into the parking lot, swerving, and almost hitting another car parked in the Cousin's supermarket parking lot. *Id.* at 8. Officer Edwards then activated his lights and sirens while driving behind [] Appellant who did not immediately stop. *Id.* at 9. Officer Edwards approached the driver side of Appellant's vehicle and observed [] Appellant holding onto the steering wheel looking straight ahead and not in the officer's direction. *Id.* He further asked [] Appellant if he was okay twice, but Appellant did not respond. When the officer asked [] Appellant if he had been drinking he responded that he was a diabetic. The officer asked [A]ppellant to step out of the car and walk to the back of the vehicle. *Id.* He observed [] Appellant stumble with glary eyes in a stare-state like he did not know where he was. *Id.* at 10. [] Appellant was speaking with a slow slurred speech and answering with delayed responses. *Id.* at 12. Based on the officer's 10 years of experience and having pulled over and arrested approximately 200 individuals for driving under the influence, he believed his observations of [] Appellant's behavior was consistent with someone under the influence of some sort of a narcotic. *Id.* at 12-13.

* * *

On August 16, 2019, [] Appellant was arrested and charged with driving under the influence of a controlled substance or metabolite, first offense under subsections 75 Pa.C.S. § 3802(d)(1) and (d)(2), graded as a misdemeanor. Appellant filed a motion to suppress any physical evidence (blood drawn from Appellant contained 46 nano grams of Phencyclidine) or statements made to the officer on the grounds that the police lacked reasonable suspicion or probable cause to retain, stop, frisk, search, question, or arrest [] Appellant. On November 6,

2019, the Municipal Court denied Appellant's motion to suppress finding Officer Edward's testimony to be very credible and that the officer had reasonable suspicion to stop [] Appellant's vehicle to investigate and probable cause to arrest [] Appellant for [DUI]. Thereafter, the matter proceeded to a bench trial in Municipal Court. The Commonwealth incorporated all relevant non-hearsay testimony from the motion to suppress. Dr. Michael Coyer from Drug Scan testified to the findings of [] Appellant's blood report. The blood report indicated [] Appellant had 46 nanograms of Phencyclidine [(PCP)] in his blood making him unfit to safely operate a motor vehicle. Appellant was found guilty of [DUI] under subsections 75 Pa.C.S. § 3802 (d)(1) and (d)(2). [On September 7, 2021,] Appellant was [] sentenced to 3 days to six months incarceration with immediate parole.

*Certiorari* Ct. Op., 8/23/22, at 3, 2 (unpaginated).

On October 26, 2021, Appellant filed a petition for writ of *certiorari* with the Philadelphia Court of Common Pleas. Therein, Appellant challenged the Municipal Court's denial of his motion to suppress. On April 12, 2022, the Municipal Court conducted a hearing to place its findings of fact and conclusions of law on the record. Following a hearing on May 13, 2022, the *certiorari* court denied Appellant's petition.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The *certiorari* court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues for review:

1. Did not the [Municipal Court] err in denying the motion to suppress where Appellant was stopped without reasonable suspicion?

2. Even if this Court finds that the officer had reasonable suspicion to stop Appellant's car, did not the [Municipal Court] err in denying the motion to suppress where Appellant was arrested without probable cause?

- 3 -

Appellant's Brief at 3 (formatting altered).

Both of Appellant's claims relate to the Municipal Court's denial of his motion to suppress. First, Appellant argues that Officer Edwards did not have reasonable suspicion to stop Appellant's vehicle. In support, Appellant claims that "the two bases for the stop of Appellant's vehicle were (1) an anonymous and uncorroborated tip and (2) vague descriptions of Appellant's driving within a parking lot." *Id.* at 12-13. Appellant argues that "[n]either justification, standing alone or in the totality of the circumstances, was sufficient to establish reasonable suspicion to stop Appellant's car." *Id.* at 13. Further, Appellant contends that Officer Edwards' observations "neither corroborated the anonymous tip nor provided independent reasonable suspicion or probable cause to support a traffic stop." *Id.* at 18.

Appellant also argues that, even if Officer Edwards had reasonable suspicion to stop Appellant's car, there was no probable cause for the arrest. *Id.* at 21. Specifically, Appellant argues that he "stumbled a little bit getting out of his car and his speech was slow" which was "consistent with diabetic shock." *Id.* Appellant asserts that "Officer Edwards never testified to the opinion that Appellant was under the influence" and instead "stated that he did not believe Appellant could operate a vehicle and that he was unsure what explanation there was for his abnormal behavior." *Id.* at 25. Appellant argues that because the officer was "not sure of the reason for Appellant's behavior and knew that something was not right, further investigation was warranted before proceeding to an arrest." *Id.* at 27.

- 4 -

Initially, we note that when the Municipal Court in Philadelphia (1) denies a motion to suppress, (2) finds the defendant guilty of a crime, and (3) imposes sentence, the defendant has the right either to request a trial *de novo* or to file a petition for writ of *certiorari* in the Court of Common Pleas of Philadelphia County. Pa.R.Crim.P. 1006(1)(a); **Commonwealth v. Neal**, 151 A.3d 1068, 1070 (Pa. Super. 2016). If the defendant files a petition for writ of *certiorari* and challenges the denial of a motion to suppress, "the Court of Common Pleas of Philadelphia County sits as an appellate court and reviews the record of the suppression hearing in the Municipal Court." **Neal**, 151 A.3d at 1070 (citations omitted).

"Importantly, when performing this appellate review, the Court of Common Pleas of Philadelphia County applies precisely the same standard that the Superior Court applies in appeals from Common Pleas Court orders denying motions to suppress." **Id.** Specifically, this Court has explained:

> The Court of Common Pleas is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, the Court of Common Pleas may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the Court of Common Pleas is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on the Court of Common Pleas, whose duty it is to determine if the suppression court properly applied the law to the

facts. Thus, the conclusions of law of the court below are subject to plenary review.

*Id.* at 1070-71 (citation omitted, some formatting altered).

It is well settled that "Article I, § 8 of the Pennsylvania Constitution and the Fourth Amendment to the United States Constitution both protect the people from unreasonable searches and seizures. Jurisprudence arising under both charters has led to the development of three categories of interactions between citizens and police." ***Commonwealth v. Lyles***, 97 A.3d 298, 302 (Pa. 2014) (citations omitted).

> The first of these is a "mere encounter" (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or to respond. The second, an "investigative detention" must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally, an arrest or "custodial detention" must be supported by probable cause.

***Commonwealth v. Pakacki***, 901 A.2d 983, 987 (Pa. 2006) (citations omitted).

> [T]o establish grounds for reasonable suspicion, the officer must articulate specific observations which, in conjunction with reasonable inferences derived from those observations, led him reasonably to conclude, in light of his experience, that criminal activity was afoot and that the person he stopped was involved in that activity. The question of whether reasonable suspicion existed at the time [the officer conducted the stop] must be answered by examining the totality of the circumstances to determine whether the officer who initiated the stop had a particularized and objective basis for suspecting the individual stopped. Therefore, the fundamental inquiry of a reviewing court must be an objective one, namely, whether the facts available to the officer at the moment of the [stop] warrant a man of

reasonable caution in the belief that the action taken was appropriate.

*Commonwealth v. Basinger*, 982 A.2d 121, 125 (Pa. Super. 2009) (internal citations and quotation marks omitted; alterations in original).

With respect to probable cause, this Court has explained:

Probable cause exists where [a police] officer has knowledge of sufficient facts and circumstances to warrant a prudent person to believe that [a] driver has been driving under the influence of alcohol or a controlled substance. A police officer may utilize both his experience and personal observations to render an opinion as to whether a person is intoxicated. Probable cause justifying a warrantless arrest for DUI is determined by the "totality of the circumstances."

*Commonwealth v. Maguire*, 175 A.3d 288, 294 (Pa. Super. 2017) (citations omitted and some formatting altered). Additionally, "probable cause does not involve certainties, but rather the factual and practical considerations of everyday life on which reasonable and prudent persons act."

*Commonwealth v. Angel*, 946 A.2d 115, 118 (Pa. Super. 2008).

Here, the *certiorari* court addressed the Municipal Court's findings as follows:

In reviewing both the Municipal Court's record from the suppression hearing and its findings of fact and conclusions of law, this court concluded that the factual findings are supported by the record and the legal conclusions drawn from those facts were correct. The Municipal Court found Officer Edwards extremely credible. N.T., 4/12/22, at 6. In its findings of fact, the Municipal Court found that Officer Edwards arrived for a disturbance on the highway on the 4000 block North 5th Street in Philadelphia. Several people were at the location on the street and pointed at the vehicle driven by [] Appellant traveling eastbound on Luzerne, saying [that A]ppellant had assaulted them or had assaulted someone. *Id.* at 3. Officer Edwards observed the vehicle pull

into a parking lot of Cousin's supermarket located at 5th and Luzerne. He observed [] Appellant drive 150 feet into the lot swerving and almost hit a parked car in the lot. *Id.* at 4. At this point the officer activated his lights and sirens. The officer indicated he stopped the car to investigate. The Municipal Court further found that [Appellant] eventually stopped. When [Officer Edwards] approached the driver side of the vehicle, [] Appellant was holding the steering wheel looking straight ahead. The officer asked [] Appellant twice if he was okay and he did not respond. *Id.* The officer then asked if Appellant had been drinking and [Appellant] responded [that] he was a diabetic.

The Municipal Court further found that Officer Edwards directed Appellant to step out of the vehicle and walk to the back of the patrol car. The officer observed [] Appellant stumble and stated that his eyes looked glary. *Id.* at 5. [Officer Edwards] described [Appellant's] eyes as in a stare state like he did not know where he was. Officer Edwards stated something is not right. *Id.* The Court found that Officer Edwards observed [] Appellant's slow speech, slow and delayed responses, and not answering the officer's questions directly. Officer [Edwards] testified that he was a police officer for 10 years and had pulled over approximately 200 people for [DUI], a number of which were for persons who were driving under the influence of drugs. *Id.* at 5-6. The Municipal Court found that the opinion of the officer was that [Appellant] was not able to safely operate a vehicle on the date in question in his condition. *Id.* at 6. The Court additionally found that the officer indicated that he returned back to 5th and Luzerne to substantiate the basis of the call but no persons were at the location. *Id.*

The Municipal Court further held in its conclusions of law that the police officer had reasonable suspicion to pull over the vehicle and probable cause to arrest [] Appellant for [DUI]. *Id.* The suppression court stated that the officer conveyed to the court a clear sense that he had observed similar behavior before of persons driving under the influence of drugs.

*Certiorari* Ct. Op. at 5-7 (unpaginated).

- 8 -

Following our review of the record, we find no error by the *certiorari* court in rejecting Appellant's suppression claims. **See Neal**, 151 A.3d at 1070-71.

First, as to the initial stop, we note that Officer Edwards first observed Appellant's vehicle after several individuals at the scene alleged that the driver of the vehicle,[2] later identified as Appellant, had committed an assault. **See** N.T. Hr'g & Trial, 11/6/19, at 6-7. Officer Edwards indicated that after he and his partner saw Appellant pull into a supermarket parking lot, the vehicle traveled approximately 150 feet, then swerved to avoid hitting a parked car. **Id.** at 8-9. At that time, Officer Edwards indicated that he activated his lights and stopped Appellant's vehicle to investigate the assault allegations. **Id.** at 7, 9. Based on the totality of these circumstances, we agree with the *certiorari* court that Officer Edwards had a particularized and objective basis for suspecting that Appellant was engaged in criminal activity. **See Basinger**, 982 A.2d at 125. Therefore, the *certiorari* court correctly concluded that Officer Edwards had reasonable suspicion to stop Appellant's vehicle. **See id.**

---

[2] We recognize that an uncorroborated anonymous tip is insufficient to provide reasonable suspicion for an investigatory stop of an individual's vehicle. **See Commonwealth v. Goodwin**, 750 A.2d 795 (Pa. 2000). In the instant case, after police arrived at the scene to investigate the initial report of a highway disturbance, they encountered several individuals who indicated that Appellant's vehicle that had been involved in an alleged assault. Although these witnesses were never specifically identified, nor did they testify at trial, we reject Appellant's argument that the information conveyed by these witnesses was the same as an "anonymous tip."

With respect to the subsequent arrest, the record confirms that after Officer Edwards stopped Appellant's vehicle, the officer noted that Appellant was staring straight ahead, had "glary" eyes, gave slurred and delayed responses, appeared as though he "did not know where he was," and stumbled as he exited his vehicle and walked to the back of the officer's car. N.T. Hr'g & Trial, 11/6/19, at 9-10. Officer Edwards testified that he has been a police officer for 10 years and has pulled over approximately 200 people for DUI, some of whom were under the influence of drugs. *Id.* at 13. Officer Edwards stated that he had "experience in dealing with people who are on some type of narcotic and [Appellant's behavior] was sort of the same thing" and stated that he believed that Appellant was "not able to operate a vehicle on that day." *Id.* at 12, 13. Although no single factor amounts to probable cause, when taken together, the totality of these circumstances support a finding of probable cause to arrest. *See Maguire*, 175 A.3d at 294.

Finally, we note that the Municipal Court concluded that Officer Edwards was "extremely credible." *See* N.T. Hr'g, 4/12/22, at 6. Therefore, to the extent Appellant offers alternative reasons for his behavior during the traffic stop, we decline to revisit the Municipal Court's credibility determinations or re-weigh the evidence presented at the suppression hearing. *See Commonwealth v. Poplawski*, 130 A.3d 697, 711 (Pa. 2015) (reiterating that, as an appellate court, we will not upset the credibility determinations of a suppression court, "within whose sole province it is to pass on the credibility of witnesses and the weight to be given their testimony").

- 10 -

For these reasons, Appellant is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2023