J-S90039-16

2016 PA Super 270

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| --- | --- |
| Appellee | |
| v. | |
| VAUGHN NEAL, | |
| Appellant | No. 2656 EDA 2015 |

Appeal from the Judgment of Sentence May 1, 2015
In the Court of Common Pleas of Philadelphia County
Municipal Court - Traffic Division at No(s): MC-51-CR-0040246-2014

BEFORE:  OTT, J., SOLANO, J. AND JENKINS, J.

OPINION BY JENKINS, J.:                     **FILED DECEMBER 02, 2016**

Vaughn Neal appeals from an order entered in the Court of Common Pleas of Philadelphia County denying his petition for writ of *certiorari*. Neal argued in his *certiorari* petition that the Philadelphia Municipal Court erroneously denied his motion to suppress evidence seized from his person at the time of his arrest. We remand for further proceedings, including entry of findings of fact and conclusions of law by the Municipal Court.

On November 28, 2014, the Commonwealth filed a criminal complaint in the Municipal Court charging Neal with knowing and intentional possession of a controlled substance ("simple possession").[1] On April 10, 2015, Neal presented a motion to suppress in the Municipal Court, claiming that the police lacked reasonable suspicion to detain, frisk or search him and lacked

_____

[1] 35 P.S. § 780-113(a)(16).

probable cause to seize a Bic lighter from his person or open the lighter to search its interior.[2]  At the conclusion of the hearing, the Honorable Jacqueline Frazier-Lyde denied the motion to suppress without entering findings of fact or conclusions of law.  Judge Frazier-Lyde simply announced: "Motion to suppress denied."  N.T., 4/10/15, at 14-15.

On May 1, 2015, Neal proceeded to trial before another Municipal Court judge, who found him guilty of simple possession and sentenced him to six months' probation.

On May 29, 2015, Neal filed a petition for writ of *certiorari* in the Court of Common Pleas of Philadelphia County, arguing that the Municipal Court erroneously decided the motion to suppress.  Initially, the Court of Common Pleas granted Neal's petition, but the Commonwealth moved for reconsideration.  On July 31, 2015, the Court of Common Pleas granted the Commonwealth's motion for reconsideration and denied Neal's petition.  Neal filed a timely appeal to this Court, and both Neal and the Court of Common Pleas complied with Pa.R.A.P. 1925.

Neal raises two issues in this appeal:

1. Did not the courts below err in denying [] Neal's motion to suppress physical evidence, where a police officer stopped [] Neal simply because he had exited a car that the police officer knew had been involved with drug activity in the past?

---

[2] The parties allege that the arresting officer found packets of crack cocaine stored inside the lighter.

2. Did not the courts below err in denying [] Neal's motion to suppress physical evidence, where a police officer searched [] Neal's cigarette lighter, a closed container without a warrant, or warrant exception?

Brief For Appellant, at 3.

Because Judge Frazier-Lyde failed to enter findings of fact or conclusions of law, we remand the case with instructions for Judge Frazier-Lyde to enter these findings and conclusions. We explain our decision as follows.

A suppression hearing is an evidentiary proceeding in which "the Commonwealth shall have the burden of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights. The defendant may testify at such hearing …" Pa.R.Crim.P. 581(H). At the conclusion of the suppression hearing, "the judge shall enter on the record a statement of findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's rights, or in violation of these rules or any statute, and shall make an order granting or denying the relief sought." Pa.R.Crim.P. 581(I).

When the Municipal Court (1) denies a motion to suppress, (2) finds the defendant guilty of a crime, and (3) imposes sentence, the defendant has the right either to request a trial *de novo* or to file a petition for a writ of *certiorari* in the Court of Common Pleas of Philadelphia County. Pa.R.Crim.P. 1006(1)(a). If the defendant files a *certiorari* petition challenging the denial

of a suppression motion, the Court of Common Pleas of Philadelphia County sits as an appellate court and reviews the record of the suppression hearing in the Municipal Court. *Commonwealth v. Coleman*, 19 A.3d 1111, 1118–19 (Pa.Super.2011); *Commonwealth v. Menezes*, 871 A.2d 204, 207 n. 2 (Pa.Super.2005). Importantly, when performing this appellate review, the Court of Common Pleas of Philadelphia County applies precisely the same standard that the Superior Court applies in appeals from common pleas court orders denying motions to suppress. Specifically,

> [the court of common pleas] is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, [the court of common pleas] may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the court of common pleas is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where ... the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on the court [of common pleas], whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the court[] below are subject to [ ] plenary review.

*Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa.2010). The scope of review from a suppression ruling is limited to the evidentiary record created at the suppression hearing. *In re L.J.*, 79 A.3d 1073, 1087 (Pa.2013).

In prior decisions, when courts of common pleas have denied suppression motions without entering findings of fact and conclusions of law,

- 4 -

we have vacated the order denying suppression and remanded with instructions for the suppression judge to enter findings of fact and conclusions of law. *Commonwealth v. Landis*, 89 A.3d 694, 703 (Pa.Super.2014) (citing *Commonwealth v. Grundza*, 819 A.2d 66, 68 (Pa.Super.2003)). The same remedy should apply when the Municipal Court denies a suppression motion and the defendant subsequently files a petition for writ of *certiorari* in the Court of Common Pleas of Philadelphia County. Just as this Court cannot perform appellate review of a common pleas order denying a suppression motion until the common pleas court enters findings of fact and conclusions of law, *Landis*, *Menezes*, *supra*, neither can the Court of Common Pleas of Philadelphia County perform appellate review of a Municipal Court order denying a suppression motion until the Municipal Court enters findings of fact and conclusions of law.

Because the Municipal Court failed to enter findings of fact and conclusions of law into this record, we order the following:

(1) The order denying Neal's petition for writ of *certiorari* is vacated;

(2) This case is remanded to the Court of Common Pleas of Philadelphia County with instructions to remand the case to the Municipal Court with instructions that Judge Frazier-Lyde enter findings of fact and conclusions of law;

(3) Following entry of findings of fact and conclusions of law, the Court of Common Pleas of Philadelphia County shall reconsider Neal's

petition for writ of *certiorari* by reviewing the evidentiary record in accordance with the standards articulated in **Jones** and **L.J.**;[3] and

(4) We relinquish jurisdiction. **Landis**, 89 A.3d at 704 n. 10 ("given our disposition of this appeal, we decline to retain jurisdiction for the purposes of the filing of a statement of the court's findings of fact and conclusions of law with respect to the suppression issue").

Order denying Appellant's petition for writ of *certiorari* vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

---

[3] In **Landis**, we took the additional steps of vacating the common pleas court's order denying the motion to suppress and the defendant's judgment of sentence. These steps are not necessary in the present case.

In **Landis**, the court of common pleas did not enter findings of fact and conclusions of law, but it subsequently filed a Pa.R.A.P. 1925(a) opinion that applied the wrong standard (reasonable suspicion instead of probable cause). Therefore, we "vacate[d] the order denying Appellant's motion to suppress for reconsideration of the evidence in light of the probable cause standard and the filing of a statement of its findings of fact and conclusions of law." **Id.**, 89 A.3d at 703.

Here, unlike **Landis**, there is no indication that Judge Frazier-Lyde applied the wrong standard to Neal's motion to suppress. She simply neglected to enter findings of fact and conclusions of law. The entry of these findings and conclusions is the only step that is necessary to complete the record for appellate review by the Court of Common Pleas of Philadelphia County.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/2/2016