J-S25024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LUIS VILLACORTA, :
:
Appellant : No. 939 EDA 2016

Appeal from the Order February 29, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0005228-2015

BEFORE: BENDER, P.J.E., RANSOM, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY RANSOM, J.: **FILED JUNE 13, 2017**

Appellant, Luis Villacorta, appeals from the order entered February 29, 2016 denying his petition for writ of certiorari in the Philadelphia Court of Common Pleas. In the petition, Appellant asserted that the Philadelphia Municipal Court erroneously denied his motion to suppress narcotics evidence seized from his person. We remand for further proceedings, including entry of findings of fact and conclusions of law by the Municipal Court.

In February 2015, Appellant was arrested and charged with intentional possession of a controlled substance.[1] In December 2015, before the Honorable Joyce O. Eubanks, Appellant argued a motion to suppress physical

_____

[1] 35 P.S. § 780-113(a)(16).

evidence, namely, narcotics recovered in conjunction with the arrest. In the motion, Appellant averred that police lacked reasonable suspicion or probable cause to justify a protective frisk of Appellant and that the frisk exceeded the permissible bounds of a protective frisk. A suppression hearing was held that same day, and the court held the motion to suppress under advisement. According to the docket, at the next court listing, the Municipal Court denied Appellant's motion to suppress. However, the notes of testimony are devoid of any discussion of the resolution of the motion and no findings of fact or conclusions of law are present in the certified record.[2] At the listing, the Appellant was found guilty of intentional possession of a controlled substance and sentenced to twelve months of reporting probation.

Thereafter, in January 2016, Appellant filed a petition for writ of certiorari in the Court of Common Pleas, arguing that the Municipal Court erroneously decided the motion to suppress. In February 2016, the Court of Common Pleas denied Appellant's petition. Appellant timely filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. In July 2016, the Court of Common Pleas issued a responsive opinion.

On appeal, Appellant raises the following issue for our review:

---

[2] The docket entry of December 11, 2015, the apparent date that the suppression motion was resolved, reads in relevant part, "Motion to suppress is DENIED. Defendant is found guilty of possession of a controlled substance."

1. Did not the trial court err in denying Appellant's motion to suppress, as the police officer's actions were in violation of the 4th and 14th Amendments to the United States Constitution, as well as the broader protections of Article I, Section 8 of the Pennsylvania Constitution, in that the officer lacked reasonable suspicion and probable cause to justify Appellant's detention, frisk, arrest, or search, and, more specifically, that he lacked reasonable suspicion justifying any protective frisk in the course of a traffic stop, and that the frisk performed exceeded the acceptable grounds of protective frisk and/or the plain feel doctrine?

Appellant's Brief at 3.

Consistent with our opinion in **Commonwealth v. Neal**, 151 A.3d 1068, 1070 (Pa. Super. 2016), because Judge Eubanks failed to enter findings of fact or conclusions of law, we remand the case with instructions for Judge Eubanks to enter these findings and conclusions.

In **Neal**, we concluded:

In prior decisions, when courts of common pleas have denied suppression motions without entering findings of fact and conclusions of law, we have vacated the order denying suppression and remanded with instructions for the suppression judge to enter findings of fact and conclusions of law. The same remedy should apply when the Municipal Court denies a suppression motion and the defendant subsequently files a petition for writ of certiorari in the Court of Common Pleas of Philadelphia County. Just as this Court cannot perform appellate review of a common pleas order denying a suppression motion until the common pleas court enters findings of fact and conclusions of law, neither can the Court of Common Pleas of Philadelphia County perform appellate review of a Municipal Court order denying a suppression motion until the Municipal Court enters findings of fact and conclusions of law.

**Neal**, 151 A.3d at 1071 (internal citations omitted).

Accordingly, as the Municipal Court failed to enter findings of fact and conclusions of law into this record, we order the following:

(1) The order denying Appellant's petition for writ of certiorari is vacated;

(2) This case is remanded to the Philadelphia Court of Common Pleas with instructions to remand the case to the Municipal Court with instructions that Judge Eubanks enter findings of fact and conclusions of law;

(3) Following entry of findings of fact and conclusions of law, the Philadelphia Court of Common Pleas shall reconsider Appellant's petition for writ of certiorari by reviewing the evidentiary record in accordance with the standards articulated in **Commonwealth v. Jones**, 988 A.2d 649, 654 (Pa. 2010) (outlining the standard of appellate review of orders denying motions to suppress) and **In re L.J.**, 79 A.3d 1073, 1087 (Pa. 2013) (noting that the scope of review from a suppression ruling is limited to the evidentiary record created at the suppression hearing); and

(4) We relinquish jurisdiction.

Order denying Appellant's petition for writ of certiorari vacated. Case remanded for proceedings consistent with this memorandum.

Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/13/2017</u>