J-A08014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DANNY DEVINE | |
| Appellant | No. 2300 EDA 2015 |

Appeal from the Judgment of Sentence March 27, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0034500-2014

BEFORE: PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 16, 2017**

Appellant, Danny Devine, appeals from the judgment of sentence entered in the Philadelphia County Municipal Court, as confirmed by the Philadelphia County Court of Common Pleas, following denial of his petition for writ of *certiorari*. In that petition, Devine argued that the Municipal Court erred in failing to suppress evidence against him. Devine contends that the Court of Common Pleas erred in concluding that the arresting officer had reasonable suspicion to stop Devine and conduct a **Terry**[1] stop and frisk. We agree. Accordingly, we reverse the order denying the petition for writ of *certiorari* and vacate the judgment of sentence.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **Terry v. Ohio**, 392 U.S. 1 (1968).

The relevant facts and procedural history are as follows. On October 8, 2014, Devine was arrested and charged through the filing of a criminal complaint with possession of a controlled substance. Devine filed a motion to suppress. The Municipal Court of Philadelphia held a suppression hearing.

At the hearing, the Commonwealth presented the testimony of Police Officer Anthony Mergiotti. At approximately 9:35 a.m. on October 8, 2014, Officer Mergiotti and his partner were on patrol in a marked police vehicle in South Philadelphia. *See* N.T., 3/27/15, at 6. Officer Mergiotti noted that they were assigned to patrol the area due to recent gang-related shootings. *See id*., at 9. As the officers approached the 1600 Block of 5th Street, Officer Mergiotti observed Devine standing on a corner, having a conversation with another man. *See id*., at 7-8, 12.

The officers continued northbound at which point Devine turned to face the police vehicle and began to walk "briskly" southbound—towards the police vehicle. *Id*., at 8, 11-12. Officer Mergiotti observed that as Devine was walking, his left arm was swinging freely, but his right arm was "pressed completely against the right side of his body." *Id*. Based upon his eight years of experience as a police officer, and his knowledge that people carrying illegal firearms need to hold the firearm as they walk, as they do not typically holster their weapons, Officer Mergiotti believed that Devine's body movements indicated that he was concealing a firearm. *See id*., at 8, 11.

Officer Mergiotti stopped Devine after Devine had walked approximately ten feet from where he had previously been standing and asked him to place his hands on a vehicle. **See id**., at 13. Devine complied, and Officer Mergiotti frisked him for weapons. **See id**., at 14. Officer Mergiotti began his frisk on Devine's right side, the side Devine had clutched his arm against as he was walking, and felt a small two-by-two inch packet in Devine's pocket. **See id**. Through his prior experience with drug packaging, Officer Mergiotti testified that it was "readily apparent" that the object was narcotics. **Id**., at 14-15. As such, he removed the object from Devine's pocket and discovered that Devine had a clear Ziploc packet containing a glassine insert with a white substance, later identified as heroin. **See id**., at 14. Devine did not testify at the suppression hearing or present any additional evidence.

Following the hearing, the Honorable Robert Blasi of the Philadelphia County Municipal Court denied Devine's suppression motion, stating that Officer Mergiotti had the requisite reasonable suspicion to stop Devine and search him for weapons. The parties immediately proceeded to a bench trial, following which Judge Blasi found Devine guilty of possession of a controlled substance and imposed a one-year probationary sentence. Devine filed a writ of *certiorari* with the Philadelphia Court of Common Pleas from the denial of his suppression motion. On July 13, 2015, the court reviewed the

- 3 -

findings of the Municipal Court and denied Devine's writ.[2] This timely appeal follows.

On appeal, Devine argues that the Court of Common Pleas erred in denying his pre-trial motion to suppress evidence gained from the arresting officer's stop and subsequent search of Devine's person. **See** Appellant's Brief, at 3, 6-18. Specifically, Devine contends that the officer did not have the requisite reasonable suspicion to conduct the stop, and further, that once Devine was stopped, the officer did not have probable cause to perform the search. **See id**., at 3, 11-18.

Our standard of review of the denial of a motion to suppress evidence is as follows.

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where … the appeal of the determination of the suppression

---

[2] "If the defendant files a *certiorari* petition challenging the denial of a suppression motion, the Court of Common Pleas of Philadelphia County sits as an appellate court and reviews the record of the suppression hearing in the Municipal Court." **Commonwealth v. Neal**, 151 A.3d 1068, 1070 (Pa. Super. 2016) (citations omitted). In performing the review, the court "applies precisely the same standard that the Superior Court applies in appeals from common pleas court orders denying motions to suppress." **Id**.

court turns on allegations of legal error, the suppression court's legal conclusions are not binding on the appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the [trial] court[ ] … are subject to our plenary review.

***Commonwealth v. Hoppert***, 39 A.3d 358, 361-62 (Pa. Super. 2012) (citation omitted). Here, the record supports the Court of Common Pleas' factual findings. Thus, we proceed to review the court's legal conclusions.

The Fourth Amendment to the United States Constitution guarantees, "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated…." U.S. Const. amend. IV. Similarly, the Pennsylvania Constitution assures the citizens of our Commonwealth that "[t]he people shall be secure in their persons, houses, papers and possession from unreasonable searches and seizures…." Pa. Const. art. I, § 8.

"The reasonableness of a government intrusion varies with the degree of privacy legitimately expected and the nature of the governmental intrusion." ***Commonwealth v. Fleet***, 114 A.3d 840, 844 (Pa. Super. 2015) (citation omitted). Interactions between law enforcement and citizens fall into one of three following categories.

> The first of these is a "mere encounter" (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or respond. The second, an "investigative detention" must be supported by reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally, an arrest or "custodial detention" must be supported by probable cause.

*Id*., at 845 (citation omitted).

Here, Officer Mergiotti testified that he asked Devine to stop and place his hands on a vehicle. It is clear from Officer Mergiotti's own testimony that Devine was not free to leave, and was thus subject to an investigative detention when stopped and searched for weapons. As such, we must next determine whether Officer Mergiotti had articulable and reasonable suspicion to justify his stop of Devine. Devine contends that the totality of the circumstances does not support Officer Mergiotti's conclusion that he had reasonable suspicion to perform an investigative detention, otherwise known as a *Terry* stop and frisk. *See* Appellant's Brief, at 11-12.

> When this Court evaluates whether a *Terry* stop is constitutional,
>
> [o]ur inquiry is a dual one—whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place. Regarding the stop, a police officer may, short of an arrest, conduct an investigative detention if he has a reasonable suspicion, based upon specific and articulable facts, that criminality is afoot. The fundamental inquiry is an objective one, namely, whether the facts available to the officer at the moment of the [intrusion] warrant a man of reasonable caution in the belief that the action taken was appropriate. This assessment, like that applicable to the determination of probable cause, requires an evaluation of the totality of the circumstances, with a lesser showing needed to demonstrate reasonable suspicion in terms of both quantity or content and reliability.
>
> An individual's suspicious and furtive behavior that, in the opinion of an experienced police officer under certain circumstances, indicates criminal activity, reasonably justifies an investigative detention.

- 6 -

Further, the delicate balance between protecting the right of citizens to be free from unreasonable searches and seizures, on the one hand, and protecting the safety of our citizens and police officer by allowing police to make limited intrusions on citizens while investigating crime, on the other hand, requires additional considerations when the police have a reasonable suspicion that a person may be armed. …

\*\*\*

Thus, … a police officer may frisk an individual during an investigatory detention when the officer believes, based on specific and articulable facts, that the individual is armed and dangerous. When assessing the reasonableness of an officer's decision to frisk a suspect during an investigatory detention, and appellate court does not consider the officer's unparticularized suspicion or hunch but rather the specific reasonable inferences which he is entitled to draw from the facts in light of his experience.

***Commonwealth v. Stevenson***, 894 A.2d 759, 771-772 (Pa. Super. 2006) (internal quotation marks and citations omitted; brackets in original).

Here, the only articulable facts that Officer Mergiotti offered to support his reasonable suspicion that criminal activity was afoot was that Devine was in a high crime area and walked "briskly" away from a corner while holding his right arm against his body. Officer Mergiotti testified that he believed this arm movement to be indicative of concealing a firearm because of his knowledge that people carrying illegal firearms do not use holsters. Immediately following this observation, and before Devine had walked more than ten feet, Officer Mergiotti ordered Devine to stop and conducted a search of Devine's person.

While this Court has examined the totality of the circumstances to support a finding of reasonable suspicion to perform an investigative

detention in a variety of situations, we find the circumstances present in **Commonwealth v. Martinez** to be most analogous to the case at hand. 588 A.2d 513 (Pa. Super. 1991). Notably, this Court held that a situation in which the defendant "walked quickly away from a group of people on a street corner after observing a police vehicle . . . [and] where . . . officers observed a bulge in her front pocket[,]" does not constitute reasonable suspicion of criminal activity necessary for an investigative detention. **Id**., at 514. This fact pattern is almost identical to the case at hand, except instead of noting a bulge, Officer Mergiotti noted an arm movement, which he felt was indicative of secreting a firearm. However, we do not find that this one factor is significant enough to change the ultimate result. As such, based upon the solid reasoning of **Martinez**, we find that Officer Mergiotti lacked the reasonable suspicion necessary to stop Devine.

Further, while the Commonwealth cites several cases to support the finding that the totality of the circumstances establishes reasonable suspicion of criminal activity, we find that all of these cases are readily distinguishable. For instance, the officers were not responding to a radio broadcast reporting probable criminal activity in progress when he stopped Devine. **Cf**. **Commonwealth v. Ranson**, 103 A.3d 73, 80 (Pa. Super. 2014). Devine did not turn and walk away from the police, but rather turned and walked *in the direction* of the oncoming police vehicle. **Cf**. **Commonwealth v. Foglia**, 979 A.2d 357, 361 (Pa. Super. 2008) (*en banc*) (finding "evasive behavior" in *walking away from* police contributes to

reasonable suspicion). Nor, obviously, did Devine run from the officers. *Cf*.

***Commonwealth v. Tucker***, 883 A.2d 625, 630-631 (Pa. Super. 2005)

(finding unprovoked flight in a high crime area suffices to satisfy the ***Terry***

standard of reasonable suspicion).

Viewing the proposed basis for the investigative detention of Devine within the totality of the circumstances, we do not find that Officer Mergiotti had the requisite reasonable suspicion that Devine was engaging in criminal activity. Accordingly, Devine was subject to an illegal detention, and the court erred in failing to suppress the physical evidence obtained from Devine's person during the subsequent search. We therefore reverse the order and vacate the judgment of sentence.[3]

Order reversed. Judgment of Sentence vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

_____

[3] Due to our disposition of Devine's appeal, we need not address Devine's second issue on appeal, *i.e*., that Officer Mergiotti did not have the requisite probable cause necessary to remove the contraband following a search of Devine's person.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/16/2017</u>