J-S40029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER ANTILL, | : | |
| | : | |
| Appellee | : | No. 1450 EDA 2016 |

Appeal from the Order April 15, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: MC-51-CR-0043141-2014

BEFORE: OTT, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                          **FILED JULY 14, 2017**

In the instant matter, the Commonwealth appeals from the April 15, 2016 Order, entered in the Philadelphia County Court of Common Pleas, granting Christopher Antill's Petition for Writ of *Certiorari*. The Commonwealth argues that the Philadelphia Court of Common Pleas erroneously reversed the Philadelphia Municipal Court's denial of Antill's Motion to Suppress the results of a warrantless blood test obtained following his DUI arrest. After careful review, we remand for further proceedings consistent with this memorandum, including the entry of findings of fact and

_____

[*] Former Justice specially assigned to the Superior Court.

conclusions of law by the Municipal Court in accordance with Pa.R.Crim.P. 581(I).

On December 25, 2014, the Commonwealth filed a Criminal Complaint in the Philadelphia Municipal Court charging Antill with five counts of Driving Under the Influence ("DUI").[1] On September 30, 2015, Antill presented a Motion to Suppress in the Municipal Court, claiming that: (1) the police lacked probable cause to detain and arrest him for DUI, and (2) the police conducted a warrantless blood draw, which constituted an illegal search under *Missouri v. McNeely*, ___ U.S. ___, 133 S.Ct. 1552 (2013), and *Commonwealth v. Myers*, 118 A.3d 1122 (Pa. Super. 2015), *appeal granted*, 131 A.3d 480 (Pa. 2016).

The Commonwealth presented testimony from Philadelphia Police Officers Christian Chavez and Heriberto Velez; Appellant presented no evidence. At the conclusion of the hearing, the Municipal Court denied Antill's Motion to Suppress without entering findings of fact or conclusions of law. The court simply announced: "Motion denied. I stand recused." N.T. Motion, 9/30/15, at 44.

On November 18, 2015, Antill proceeded to trial before another Municipal Court judge, who found Antill guilty of all charges. On January 19, 2016, the Municipal Court imposed an aggregate term of three days to six

---

[1] 75 Pa.C.S. § 3802(a)(1) (two counts); 75 Pa.C.S. § 3802(c); 75 Pa.C.S. § 3802(d)(2); and 75 Pa.C.S. § 3802(d)(3), respectively.

J-S40029-17

months' imprisonment with immediate parole, with a concurrent term of six months' probation.

On February 18, 2016, Antill filed a Petition for Writ of *Certiorari* in the Court of Common Pleas of Philadelphia County, arguing that the Municipal Court erroneously decided the Motion to Suppress. The Court of Common Pleas granted Antill's Petition on April 15, 2016, concluding that the warrantless blood test was illegal under **Myers**, **supra**. The Court of Common Pleas vacated Antill's Judgment of Sentence, and reversed the Municipal Court's ruling on the Motion to Suppress.

On May 11, 2016, the Commonwealth filed a timely Notice of Appeal.[2] Both the Commonwealth and the Court of Common Pleas complied with Pa.R.A.P. 1925.[3]

The Commonwealth presents one issue in this appeal:

> Did the lower court, sitting as an appellate court, err in reversing the denial of suppression of blood test evidence based on defendant's lack of affirmative consent, notwithstanding his verbal consent and the implied consent statute?

---

[2] **See** Pa.R.A.P. 311(d) (Commonwealth may appeal as of right from Order that does not end entire case where Commonwealth certifies in Notice of Appeal that Order will terminate or substantially handicap prosecution). Here, the Commonwealth included in its Notice of Appeal a certification that the April 15, 2016 Order, granting Antill's Petition for Writ of *Certiorari*, "terminates or substantially handicaps the prosecution." Commonwealth's Notice of Appeal, 5/11/16. The Commonwealth simultaneously filed a Pa.R.A.P. 1925(b) Statement of Errors.

[3] The suppression court did not file a Pa.R.A.P. 1925(a) Opinion.

- 3 -

Commonwealth's Brief at 4.

In pertinent part, Pa.R.Crim.P. 581 provides:

**Rule 581.  Suppression of Evidence**

(A) The defendant's attorney, or the defendant if unrepresented, may make a motion to the court to suppress any evidence alleged to have been obtained in violation of the defendant's rights.

\*        \*        \*

(H) The Commonwealth shall have the burden of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights. The defendant may testify at such hearing, and if the defendant does testify, the defendant does not thereby waive the right to remain silent during trial.

(I) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's rights, or in violation of these rules or any statute, and shall make an order granting or denying the relief sought.

Pa.R.Crim.P. 581(A), (H)-(I).

When the Municipal Court (1) denies a Motion to Suppress, (2) finds the defendant guilty of a crime, and (3) imposes sentence, the defendant has the right either to request a trial *de novo* or to file a Petition for Writ of *Certiorari* in the Court of Common Pleas of Philadelphia County. Pa.R.Crim.P. 1006(1)(a).  If the defendant files a Petition for Writ of *Certiorari* and challenges the denial of a Motion to Suppress, "the Court of Common Pleas of Philadelphia County sits as an appellate court and reviews

the record of the suppression hearing in the Municipal Court." ***Commonwealth v. Neal***, 151 A.3d 1068, 1070 (Pa. Super. 2016).

"Importantly, when performing this appellate review, the Court of Common Pleas of Philadelphia County applies precisely the same standard that the Superior Court applies in appeals from Common Pleas Court orders denying motions to suppress." ***Id.*** This Court recently reiterated this standard as follows:

> [T]he [C]ourt of [C]ommon [P]leas is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, the [C]ourt of [C]ommon [P]leas may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the [C]ourt of [C]ommon [P]leas is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where ... the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on the [C]ourt of [C]ommon [P]leas, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the court below are subject to plenary review.

***Id.*** at 1070-71 (citing ***Commonwealth v. Jones***, 988 A.2d 649, 654 (Pa. 2010)). "The scope of review from a suppression ruling is limited to the evidentiary record created at the suppression hearing." ***Neal***, ***supra*** at 1071 (citing ***In re L.J.***, 79 A.3d 1073, 1087 (Pa. 2013)).

In ***Neal***, we concluded that the same remedy applies whether a Court of Common Pleas has denied a suppression motion without entering findings

of fact and conclusions of law or whether the Municipal Court has denied a suppression motion without entering findings of fact and conclusions of law: the court performing appellate review must vacate the order denying suppression and remand with instructions for the suppression court to enter findings of fact and conclusions of law. **Neal**, **supra** at 1071. This Court reasoned that there is no meaningful difference between this Court's appellate review of a Court of Common Pleas order denying a suppression motion when compared to the Court of Common Pleas reviewing a Municipal Court's denial of a suppression motion in the context of a Petition for Writ of *Certiorari*. **Id.** at 1070-71.

Here, the Municipal Court failed to enter findings of fact and conclusions of law in accordance with Pa.R.Crim.P. 581(I). The failure to do so poses a substantial impediment to our meaningful and effective appellate review.[4] Accordingly, we must vacate and remand for further proceedings.

---

[4] We acknowledge that this Court may, in certain circumstances, conclude that a remand is unnecessary and apply an alternative standard of review. **See, e.g., Commonwealth v. Astillero**, 39 A.3d 353, 357 (Pa. Super. 2012); **Commonwealth v. Millner**, 888 A.2d 680, 685 (Pa. 2005) (holding that "[w]hen the suppression court's specific factual findings are unannounced, or there is a gap in the findings, the appellate court should consider only the evidence of the prevailing suppression party [] and the evidence of the other party [] that, when read in the context of the entire record, remains uncontradicted."). In this case, such a conclusion is unwarranted given the relevant facts in dispute and the issues presented on appeal.

Consistent with our opinion in **Neal**, because the Municipal Court failed to enter findings of fact and conclusions of law into this record, we order the following:

(1) The Court of Common Pleas' Order granting Antill's Petition for Writ of *Certiorari* is vacated;

(2) This case is remanded to the Court of Common Pleas of Philadelphia County with instructions to remand the case to the Municipal Court and direct that court to enter findings of fact and conclusions of law; and

(3) Following the Municipal Court's entry of findings of fact and conclusions of law, the Court of Common Pleas of Philadelphia County shall reconsider Antill's Petition for Writ of *Certiorari* by reviewing the evidentiary record in accordance with the standards articulated in **Jones** and **L.J.**, and reiterated in **Neal**.

We relinquish jurisdiction. **See Neal**, **supra** at 1071-72 (citing **Landis**, 89 A.3d at 704 n. 10 ("given our disposition of this appeal, we decline to retain jurisdiction for the purposes of the filing of a statement of the court's findings of fact and conclusions of law with respect to the suppression issue")).

Order granting Antill's Petition for Writ of *Certiorari* vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/14/2017</u>