J-A23019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BALIL L. FERGUSON, | : | |
| | : | |
| Appellant | : | No. 1050 EDA 2016 |

Appeal from the Judgment of Sentence November 10, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: MC-51-CR-0005238-2015

BEFORE: PANELLA, J., DUBOW, J., and FITZGERALD, J.*

MEMORANDUM BY DUBOW, J.:                **FILED DECEMBER 08, 2017**

In the instant matter, Appellant appeals from the November 10, 2015 Judgment of Sentence.[1]  Appellant argues that the Philadelphia Court of Common Pleas erroneously affirmed the Philadelphia Municipal Court's denial of Appellant's Motion to Suppress.  After careful review, we remand for further proceedings consistent with this memorandum, including the entry of findings of fact and conclusions of law by the Municipal Court in accordance with Pa.R.Crim.P. 581(I).

On February 19, 2015, the Commonwealth filed a Criminal Complaint in the Philadelphia Municipal Court charging Appellant with, *inter alia*,

_____

[1] On November 10, 2015, the Municipal Court denied Appellant's Motion to Suppress, conducted a bench trial, and imposed Judgment of Sentence.  The Philadelphia County Court of Common Pleas' December 28, 2015 Order denied Appellant's Petition for Writ of *Certiorari.*  Thus, Appellant's Judgment of Sentence constitutes an appealable final Order.  Pa.R.A.P. 341.

_____

* Former Justice specially assigned to the Superior Court.

Driving Under the Influence ("DUI") after he was stopped driving a car that matched the description of a vehicle that had been involved in a "hit and run."[2]  On September 18, 2015, Appellant litigated a Motion to Suppress in the Municipal Court, claiming that police lacked reasonable suspicion to stop his vehicle.  N.T. Suppression, 9/18/15, at 4-5, 26-35.

The Commonwealth presented testimony from Philadelphia Police Officer David Mockus; Appellant presented testimony from Briana Murray, Appellant's passenger the night of the police stop and the owner of the vehicle.  At the conclusion of the hearing, the Municipal Court denied Appellant's Motion to Suppress without entering findings of fact or conclusions of law.  After discussing some of the issues and asking counsel questions about the motion, the court simply announced: "Therefore, Motions are denied."  N.T. Suppression, 9/18/15, at 26-35.

That same day, Appellant immediately proceeded to trial before the same Municipal Court judge, who found Appellant guilty of one count of DUI. On November 10, 2015, the Municipal Court imposed an aggregate term of three to six days' imprisonment, with a concurrent term of 174 days' probation.[3]

---

[2] 75 Pa.C.S. § 3802(d)(1).

[3] The Municipal Court stayed Appellant's sentence until Appellant litigated his Petition for Writ of *Certiorari* in the Court of Common Pleas.

On December 1, 2015, Appellant filed a Petition for Writ of *Certiorari* in the Court of Common Pleas of Philadelphia County, arguing that the Municipal Court erroneously denied his Motion to Suppress. The Court of Common Pleas denied Appellant's Petition on December 28, 2015, concluding that reasonable suspicion supported the stop of Appellant's vehicle and the Municipal Court properly denied his Motion to Suppress.

On January 27, 2016, Appellant filed a timely Notice of Appeal. Both Appellant and the Court of Common Pleas complied with Pa.R.A.P. 1925.[4]

Appellant presents one issue in this appeal:

> Where police received an anonymous tip stating that a white or silver car with front bumper damage was involved in a hit-and-run on northbound I-95, and minutes later saw [Appellant] driving a gray car with front bumper damage on a street five blocks away from an I-95 exit ramp, was not reasonable suspicion lacking to stop him under the Fourth Amendment of the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution?

Appellant's Brief at 3.

In pertinent part, Pa.R.Crim.P. 581 provides:

**Rule 581. Suppression of Evidence**

(A) The defendant's attorney, or the defendant if unrepresented, may make a motion to the court to suppress any evidence alleged to have been obtained in violation of the defendant's rights.

\* \* \*

---

[4] The Municipal court did not file a Pa.R.A.P. 1925(a) Opinion.

(H) The Commonwealth shall have the burden of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights. The defendant may testify at such hearing, and if the defendant does testify, the defendant does not thereby waive the right to remain silent during trial.

(I) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's rights, or in violation of these rules or any statute, and shall make an order granting or denying the relief sought.

Pa.R.Crim.P. 581(A), (H)-(I).

When the Municipal Court (1) denies a motion to suppress, (2) finds the defendant guilty of a crime, and (3) imposes sentence, the defendant has the right either to request a trial *de novo* or to file a petition for writ of *certiorari* in the Court of Common Pleas of Philadelphia County. Pa.R.Crim.P. 1006(1)(a); **Commonwealth v. Neal**, 151 A.3d 1068, 1070 (Pa. Super. 2016). If the defendant files a petition for writ of *certiorari* and challenges the denial of a motion to suppress, "the Court of Common Pleas of Philadelphia County sits as an appellate court and reviews the record of the suppression hearing in the Municipal Court." **Neal**, **supra** at 1070 (citations omitted).

"Importantly, when performing this appellate review, the Court of Common Pleas of Philadelphia County applies precisely the same standard that the Superior Court applies in appeals from Common Pleas Court orders

denying motions to suppress." **Id.** This Court recently reiterated this standard as follows:

> [T]he [C]ourt of [C]ommon [P]leas is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, the [C]ourt of [C]ommon [P]leas may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the [C]ourt of [C]ommon [P]leas is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where ... the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on the [C]ourt of [C]ommon [P]leas, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the court below are subject to plenary review.

**Id.** at 1070-71 (citing **Commonwealth v. Jones**, 988 A.2d 649, 654 (Pa. 2010)). "The scope of review from a suppression ruling is limited to the evidentiary record created at the suppression hearing." **Neal**, **supra** at 1071 (citing **In re L.J.**, 79 A.3d 1073, 1087 (Pa. 2013)).

In **Neal**, we concluded that the same remedy applies whether a Court of Common Pleas has denied a suppression motion without entering findings of fact and conclusions of law or whether the Municipal Court has denied a suppression motion without entering findings of fact and conclusions of law: the court performing appellate review must vacate the order denying suppression and remand with instructions for the suppression court to enter findings of fact and conclusions of law. **Neal**, **supra** at 1071. This Court

reasoned that there is no meaningful difference between this Court's appellate review of a Court of Common Pleas order denying a suppression motion when compared to the Court of Common Pleas reviewing a Municipal Court's denial of a suppression motion in the context of a Petition for Writ of *Certiorari*. **Id.** at 1071.

Here, the Municipal Court failed to enter findings of fact and conclusions of law in accordance with Pa.R.Crim.P. 581(I). The failure to do so poses a substantial impediment to our meaningful and effective appellate review.[5] Accordingly, we must vacate and remand for further proceedings.

Consistent with our opinion in **Neal**, because the Municipal Court failed to enter findings of fact and conclusions of law into this record, we order the following:

_____

[5] We acknowledge that this Court may, in certain circumstances, conclude that a remand is unnecessary and apply an alternative standard of review. **See, e.g., Commonwealth v. Astillero**, 39 A.3d 353, 357 (Pa. Super. 2012); **Commonwealth v. Millner**, 888 A.2d 680, 685 (Pa. 2005) (holding that "[w]hen the suppression court's specific factual findings are unannounced, or there is a gap in the findings, the appellate court should consider only the evidence of the prevailing suppression party [] and the evidence of the other party [] that, when read in the context of the entire record, remains uncontradicted."). In this case, such a conclusion is unwarranted and unworkable given the issues presented on appeal and the relevant and significant facts in dispute, including: (1) the location of the accident on I-95; (2) the location of Appellant's vehicle when stopped in proximity to the accident; (3) the proximity of Appellant's vehicle to the nearest I-95 exit when stopped by police; (4) whether the initial tip was made by a police officer, a citizen, or an anonymous person; and (5) the description of the damage to the vehicle's front-end bumper as simply damage or whether there was a piece of the bumper missing.

(1) The Court of Common Pleas' Order denying Appellant's Petition for Writ of *Certiorari* is vacated;

(2) This case is remanded to the Court of Common Pleas of Philadelphia County with instructions to remand the case to the Municipal Court and direct that court to enter findings of fact and conclusions of law within 30 days; and

(3) Following the Municipal Court's entry of findings of fact and conclusions of law, the Court of Common Pleas of Philadelphia County shall reconsider Appellant's Petition for Writ of *Certiorari* by reviewing the evidentiary record in accordance with the standards articulated in **Jones** and **L.J.**, and reiterated in **Neal**.

We relinquish jurisdiction. **See Neal**, **supra** at 1071-72 (citing **Commonwealth v. Landis**, 89 A.3d 694, 704 n.10 ("given our disposition of this appeal, we decline to retain jurisdiction for the purposes of the filing of a statement of the court's findings of fact and conclusions of law with respect to the suppression issue")).

Order denying Appellant's Petition for Writ of *Certiorari* vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2017