J-S01044-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
                                     :            PENNSYLVANIA
           Appellee         :
                                       :
           v.                 :
                                       :
JASON A. HIBBS,              :
                                       :
           Appellant        :      No. 1540 EDA 2019

Appeal from the Order Entered May 22, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0026811-2018

BEFORE:    BOWES, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:         Filed March 18, 2020

Jason A. Hibbs (Appellant) appeals from the May 22, 2019 order denying his petition for a writ of *certiorari* to the Court of Common Pleas of Philadelphia County (Court of Common Pleas). Upon review, we vacate the order and remand for proceedings consistent with this memorandum.

By way of background, on October 19, 2018, the Commonwealth filed a criminal complaint in the Municipal Court of Philadelphia, charging Appellant with one count of driving under the influence (DUI). On February 19, 2019, in the Municipal Court of Philadelphia, Appellant litigated a motion to suppress, *inter alia*, the results of a blood analysis. Specifically, Appellant argued that his consent to the blood draw was not voluntary because he alleged he "had been in and out of consciousness after a serious car wreck, was handcuffed to a hospital bed when he came to, was surrounded by at

_____

*Retired Senior Judge assigned to the Superior Court.

least three police officers, was threatened with jail time should he refuse to sign the consent form, and was denied water to drink before signing[.]" Appellant's Brief at 3. At the conclusion of the hearing, the municipal court denied Appellant's motion.[1] We set forth the municipal court's findings of fact and conclusions of law verbatim as follows.

> Reasonable suspicion and probable cause, blood and statement denied. I adopt the officer's[2] testimony and [Appellant's] testimony as my findings of fact.
>
> As to my findings of law I adopt the Commonwealth's argument. Let me put a few things on the record. I was thinking this case would be like **Commonwealth v. Pena**[, a non-precedential case wherein the Superior Court affirmed the municipal court's] granting of a [m]otion to suppress [] where [Pena] suffered a concussion and [] the blood was taken.
>
> The big difference here is [Appellant] is able to tell me chapter and verse what happened that day so I can't rule under **Pena** [] because he was apparently up. I asked the questions on the protocol for the concussion because [] Pena was apparently concussed in that case but [Appellant] gave a beautiful chapter and verse of what happened at the hospital. Everything is denied.

N.T., 2/19/2019, at 33-34.

_____

[1] Following the suppression hearing, the Commonwealth was granted permission to amend the information to include two counts of DUI, 75 Pa.C.S. §§ 3802(d)(1), (d)(2). N.T., 2/19/2019, at 34-35.

[2] We note that two officers testified at the suppression hearing. The municipal court's lack of clarity in its findings of fact, as discussed *infra*, renders it impossible for this Court to tell whether this was a typographical error (that should have placed the apostrophe at the end of "officers") or if the court was adopting the testimony of only one of the officers.

Following a very short, stipulated bench trial, the municipal court found Appellant guilty. N.T., 2/19/2019, at 36. On February 26, 2019, Appellant was sentenced to a term of incarceration of 72 to 144 hours, concurrent with five months of probation.[3]

On March 6, 2019, Appellant filed a petition for writ of *certiorari* to the Court of Common Pleas. On May 22, 2019, a hearing on the petition was held. The Court of Common Pleas reviewed the municipal court's findings of fact and conclusions of law, noting that the findings of fact were unhelpful, especially because the adopted testimony was "in some respects [] completely inconsistent." N.T., 5/22/2019, at 11. Nonetheless, it denied Appellant's petition because it did not "see enough in this record for [the Court of Common Pleas] to reverse the finding of the judge who saw and heard all of this evidence." *Id.* at 12.

This timely-filed appeal followed.[4] On appeal, Appellant argues that the Court of Common Pleas erred in affirming the municipal court's denial of his motion to suppress.

---

[3] Appellant's sentence was imposed at his conviction for 75 Pa.C.S. § 3802(d)(2). His conviction at subsection (d)(1) merged with his conviction at subsection (d)(2) for sentencing.

[4] Both Appellant and the Court of Common Pleas have complied with Pa.R.A.P. 1925.

In reviewing this claim, which is unique to Philadelphia County, we are guided by this Court's decision in **Commonwealth v. Neal**, 151 A.3d 1068 (Pa. Super. 2016).

> A suppression hearing is an evidentiary proceeding in which "the Commonwealth shall have the burden of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights. The defendant may testify at such hearing …." Pa.R.Crim.P. 581(H). At the conclusion of the suppression hearing, "the judge shall enter on the record a statement of findings of fact and conclusions of law as to whether the evidence was obtained in violation of the defendant's rights, or in violation of these rules or any statute, and shall make an order granting or denying the relief sought." Pa.R.Crim.P. 581(I).
>
> When the Municipal Court (1) denies a motion to suppress, (2) finds the defendant guilty of a crime, and (3) imposes sentence, the defendant has the right either to request a trial *de novo* or to file a petition for a writ of *certiorari* in the Court of Common Pleas of Philadelphia County. Pa.R.Crim.P. 1006(1)(a). If the defendant files a *certiorari* petition challenging the denial of a suppression motion, the Court of Common Pleas of Philadelphia County sits as an appellate court and reviews the record of the suppression hearing in the Municipal Court. Importantly, when performing this appellate review, the Court of Common Pleas of Philadelphia County applies precisely the same standard that the Superior Court applies in appeals from common pleas court orders denying motions to suppress. Specifically,
>
> > [the court of common pleas] is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, [the court of common pleas] may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the court of common pleas is] bound by

> [those] findings and may reverse only if the court's legal conclusions are erroneous. Where ... the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on the court [of common pleas], whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the court[ ] below are subject to [ ] plenary review.

**Neal**, 151 A.3d at 1070-71 (some citations omitted).

In **Neal**, the municipal court denied Neal's motion to suppress without entering any findings of fact and conclusions of law. As such, because the Court of Common Pleas could not "perform appellate review of a Municipal Court order denying a suppression motion until the Municipal Court enter[ed] findings of fact and conclusions of law[,]" this Court vacated the order denying Neal's petition for writ of *certiorari* and remanded for the municipal court to enter findings of fact and conclusions of law. **Id.** at 1071.

We conclude that the same remedy is required here. As detailed above, the municipal court purported to enter findings of fact and conclusions of law. In its Pa.R.A.P. 1925(a) opinion, the Court of Common Pleas states that the municipal court "accepted as true the Commonwealth's version of events and adopted its argument." Court of Common Pleas Opinion, 8/12/2019, at 2. However, the record indicates that while the municipal court adopted the Commonwealth's argument for its conclusion of law, its findings of fact consisted of an adoption of the testimony of one or more officers and Appellant, whose testimonies were, as noted by the Court

of Common Pleas, "in some respects [] completely inconsistent." N.T., 5/22/2019, at 11. **See also** N.T., 2/19/2019, at 33.

We conclude that a blanket adoption of testimony offered at a hearing, without resolving any of the inconsistencies therein, is tantamount to entering no findings of fact at all. Moreover, notwithstanding its Pa.R.A.P. 1925(a) opinion, it is clear from the record that the Court of Common Pleas was hampered in performing its appellate review by the municipal court's failure to enter specific findings of fact and conclusions of law to support its denial of Appellant's suppression motion. **See** N.T., 5/22/2019, at 11.

Accordingly, we vacate the order denying Appellant's petition for writ of *certiorari* and remand for the municipal court to enter specific findings of fact and conclusions of law. Following entry of findings of fact and conclusions of law, the Court of Common Pleas shall reconsider Appellant's petition for writ of *certiorari*.

Order vacated. Remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/20