J-A27003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                      :          PENNSYLVANIA
                      :
          v.            :
                      :
                      :
BRYON GERALD RUTE          :
                      :
        Appellant      :    No. 1257 MDA 2021

Appeal from the Judgment of Sentence Entered September 2, 2021
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000031-2019

BEFORE:  DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:        **FILED: DECEMBER 22, 2022**

Appellant, Bryon Gerald Rute, appeals from the judgment of sentence entered in the Union County Court of Common Pleas following his jury conviction of one count of DUI, graded as a first-degree misdemeanor. After careful review, we affirm.

The relevant facts and procedural history are as follows. On August 24, 2018, the Mifflinburg Borough Police Department, along with the Buffalo Valley Regional and Shamokin Dam Police Departments, and the Union and Snyder County Sheriff's Offices, established and conducted a DUI checkpoint on State Road 45 in Mifflinburg Borough, Union County.

At approximately 10:41 PM, Appellant drove his vehicle into the checkpoint. There he encountered Mifflinburg Borough Police Officer Mark

_____

[*] Retired Senior Judge assigned to the Superior Court.

Bailey. As Appellant stopped at the checkpoint, Officer Bailey observed Appellant's driver's side window partially open and cigarette smoke billowing from it. Both Appellant, who Officer Bailey knew, and his passenger had freshly lit cigarettes and the smell of cigarette smoke was "overwhelming."[1] Officer Bailey noticed that Appellant was squinting, that he stared straight ahead, did not turn his head to look at Office Bailey, and did not make eye contact. Appellant was initially not verbally responsive to Officer Bailey and ultimately "spoke very little if at all" during their interaction.[2] Appellant's passenger, however, explained to Officer Bailey that Appellant had picked him up at a local bar because the passenger was too intoxicated to drive.

Officer Bailey requested Appellant's driver's license, registration, and proof of insurance. Appellant "fumbled through" his wallet to obtain the requested documents, which he ultimately did not provide in full.[3]

Officer Bailey concluded, based on these facts, that he had reasonable suspicion that Appellant had been driving while intoxicated and ordered Appellant out of his car to submit to field sobriety testing. Following the field sobriety testing, Appellant consented to a blood draw which indicated that Appellant had been driving while intoxicated. The Commonwealth subsequently charged Appellant with two counts of DUI.

---

[1] N.T. Suppression Hr'g, 6/19/20, at 19.

[2] *Id.* at 19-20.

[3] *Id.*

On May 29, 2019, Appellant filed an Omnibus Pre-Trial Motion[4] seeking to suppress the results of the blood draw. Appellant asserted that the Mifflinburg Borough Police Department failed to comply with Section 8953(a)(3) of the Municipal Police Jurisdiction Act and with the *Tarbert*/*Blouse*[5] guidelines when conducting the DUI checkpoint and that Officer Bailey lacked reasonable suspicion that Appellant had been driving under the influence.

On June 19, 2020, the trial court held a hearing on Appellant's motion at which the Commonwealth presented the testimony of, *inter alia*, Officer Bailey. Officer Bailey's testimony established the above facts. Further, Officer Bailey summarized the basis for his conclusion that Appellant was exhibiting "signs of intoxication, impairment" as follows:

> The squinted eyes, the freshly lit cigarette is frequently used as a–to cover the odor of the alcoholic beverage. I have been a police officer for 26 years, it's a common occurrence. The window partially rolled down, the staring straight ahead, the squinted eyes, it all-it was all signs to me of impairment. The - basically when they stare straight ahead, they don't want to engage the officer.

N.T. Suppression Hr'g, 6/19/20, at 15-16.

On July 31, 2020, the suppression court denied Appellant's motion to suppress. The court found that the DUI checkpoint conducted by the Mifflinburg Borough Police Department complied with Section 8953(a)(3) of

---

[4] On October 17, 2019, Appellant filed a supplement to the pre-trial motion.

[5] *Commonwealth v. Tarbert*, 535 A.2d 1035 (Pa. 1987); *Commonwealth v. Blouse*, 611 A.2d 1177 (Pa. 1992).

- 3 -

the Municipal Police Jurisdiction Act[6] and with the **Tarbert**/**Blouse** guidelines. The court further found that Officer Bailey had reasonable suspicion of criminal activity when he directed Appellant to exit his vehicle prior to the administration of field sobriety tests.

On April 23, 2021, the jury convicted Appellant of the above charge. On September 2, 2021, the trial court sentenced Appellant to serve five years of probation with restrictive conditions.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Whether the trial court erred in denying [Appellant's] Motion to Suppress because the **Tarbert**/**Blouse** checkpoint factors were not complied with including removing [Appellant] from his vehicle without probable cause/reasonable suspicion to believe [Appellant] was violating the law?

2. Whether the trial court erred in denying [Appellant's] Motion to Suppress because [Appellant] was detained by being asked to exit his vehicle for further testing at the checkpoint without reasonable suspicion to further any detention?

Appellant's Brief at 6.[7]

_____

[6] 42 Pa.C.S. § 8953.

[7] Although Appellant has raised two issues on appeal, he acknowledges in his brief that "both arguments are essentially the same issue," *i.e.*, whether Officer Bailey had reasonable suspicion to order Appellant from his car to undergo field sobriety testing. **See** Appellant's Brief at 11 n.2. Accordingly, we confine our review to that issue alone and do not address whether the suppression court properly found that the DUI checkpoint complied with the **Tarbert**/**Blouse** checkpoint factors.

**A.**

When we review the denial of a motion to suppress, "we are limited to considering only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." *Commonwealth v. Yorgey*, 188 A.3d 1190, 1198 (Pa. Super. 2018) (*en banc*) (citation and internal quotation marks omitted). When the testimony and other evidence support the trial court's findings of fact, this Court is bound by them and we "may reverse only if the court erred in reaching its legal conclusions based upon the facts." *Id.* (citation omitted). "Moreover, it is within the lower court's province to pass on the credibility of witnesses and determine the weight to be given to their testimony." *Commonwealth v. McCoy*, 154 A.3d 813, 816 (Pa. Super. 2017). This Court will not disturb a suppression court's credibility determination absent a clear and manifest error. *Commonwealth v. Camacho*, 625 A.2d 1242, 1245 (Pa. Super. 1993).

"The scope of review from a suppression ruling is limited to the evidentiary record created at the suppression hearing." *Commonwealth v. Neal*, 151 A.3d 1068, 1071 (Pa. Super. 2016). Importantly, "[o]nce a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights." *Commonwealth v. Wallace*, 42 A.3d 1040, 1047-48 (Pa. 2012) (citing Pa.R.Crim.P. 581(H)).

Appellant challenges the trial court's conclusion that Officer Bailey had reasonable suspicion to order Appellant from his car. In determining whether an officer's stop of a defendant was supported by reasonable suspicion, the court must consider the totality of the circumstances and give due weight to the reasonable inferences the officer drew from the facts based upon his experience. **Commonwealth v. Foglia**, 979 A.2d 357, 360 (Pa. Super. 2009) (*en banc*). "[E]ven a combination of innocent facts, when taken together, may warrant further investigation by the police officer." **Id.** (citations omitted).

## B.

Appellant claims the suppression court erred as a matter of law in determining that Officer Bailey had the requisite reasonable suspicion to order Appellant from his car to undergo field sobriety testing. Appellant's Brief at 11-16. He argues, in particular, that Officer Bailey did not provide specific articulable facts justifying Appellant's removal from his vehicle. **Id.** at 14-15. According to Appellant, Officer Bailey articulated only that, prior to ordering Appellant from his vehicle: (1) Officer Bailey knew Appellant; (2) Appellant was smoking; (3) Appellant was squinting and staring forward; and (4) Appellant's passenger told Officer Bailey that Appellant had picked him up from a bar. Appellant concludes that these facts do not justify Officer Bailey's removal of Appellant from Appellant's vehicle and speculates that Officer Bailey instead detained him "in order for law enforcement to satisfy its burden of developing reasonable suspicion." **Id.** at 14.

- 6 -

After considering the facts articulated by Officer Bailey as set forth above and all reasonable inferences therefrom, as well as Officer Bailey's experience, the suppression court concluded that Officer Bailey's suspicion that Appellant may have been intoxicated was reasonable.

Following our review, we conclude that the record supports the suppression court's findings of fact and the trial court properly denied Appellant's motion to suppress. The totality of the evidence presented at the suppression hearing—namely Officer Bailey's testimony regarding Appellant's evasive demeanor and Officer Bailey's experience with drivers' use of cigarette smoke to disguise the odor of alcoholic beverages, coupled with the reasonable inferences of intoxication Officer Bailey drew from those facts in light of his many years of experience—was sufficient to justify Officer Bailey's reasonable suspicion that Appellant was engaging in criminal activity. Appellant's claim, thus, fails.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2022