J-A28007-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                 :            PENNSYLVANIA
                                 :
             v.                   :
                                 :
                                 :
ANTHONY LAMAR DANIEL        :
                                 :
            Appellant          :     No. 1885 WDA 2019

Appeal from the Judgment of Sentence Entered November 18, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003093-2019

BEFORE: OLSON, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY OLSON, J.:                FILED DECEMBER 11, 2020

Appellant, Anthony Lamar Daniel, appeals from the judgment of sentence entered on November 18, 2019, following his bench trial conviction for simple possession of a controlled substance.[1] We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> On January 12, 2019, at approximately 11:00 p.m., North Braddock Police Officer Ryan Johnston was on patrol in a marked vehicle in the North Braddock area when he conducted a traffic stop on a vehicle for an inoperable passenger brake light. Upon approaching the vehicle, he observed four individuals in the vehicle with Appellant seated in the front passenger seat. Officer Johnston smelled an odor of marijuana emanating from the vehicle. As such, the driver was removed from the vehicle, patted down, and found in possession of marijuana. With the assistance of other officers from the Braddock Police Department, Officer

_____

[1] 35 Pa.C.S.A. §780-113(a)(16).

Johnston removed the remaining passengers who were all patted down[.]

Officer Johnston patted Appellant down and immediately felt what he knew from his training and experience to be crack cocaine in Appellant's pocket. Officer Johnston recovered the suspected crack cocaine, which later tested positive [as a] narcotic. Officer Johnston then conducted a search of the vehicle and found three loaded firearms in the glove compartment and a green nylon holster under the passenger seat where Appellant had been seated. All passengers were taken into custody. The driver eventually claimed ownership of the firearms.

Trial Court Opinion, 6/8/2020, at 3-4 (record citations and footnote omitted).

The Commonwealth charged Appellant with possession of a controlled substance, as well as various firearms and related offenses. Prior to trial, Appellant filed an omnibus pretrial motion alleging, inter alia, the police conducted an illegal search of Appellant's person and that the trial court should suppress evidence seized from his pocket. On November 4, 2019, the trial court held a suppression hearing. At the suppression hearing, the Commonwealth and Appellant stipulated to entering the notes of testimony from Appellant's preliminary hearing into the record. No other evidence was presented. The trial court took the matter under advisement. On November 12, 2019, the trial court denied the motion to suppress and Appellant immediately proceeded to a stipulated bench trial. On November 18, 2019, the trial court found Appellant guilty of possession of a controlled substance and not guilty of the firearms and related offenses. Directly thereafter, the trial court sentenced Appellant to three to six months of incarceration, with

credit for time served, and granted immediate parole. This timely appeal resulted.[2]

On appeal, Appellant presents the following issue for our review:

> Whether [Appellant's] right[s] under both the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution to be free from unreasonable searches and seizures was violated when Officer Johnston, subsequent to a pat-down, seized an item from [Appellant's] person without offering any basis other than his training and experience for believing that the item was contraband?

Appellant's Brief, at 3.

Appellant argues that the trial court erred in denying suppression because "police officers [may only] conduct warrantless searches of suspects' persons if, while conducting a lawful pat-down of the suspect, an officer detects an object whose 'incriminating nature is immediately apparent from its tactile impression[.]'" Id. at 10, citing Commonwealth v. Zhahir, 751 A.2d 1153, 1159 (Pa. 2000). Appellant claims that the term "immediately apparent" means that the officer readily perceives, without further exploration or searching, that what he is feeling is contraband. Id. at 10 (citation and original quotations omitted). Appellant argues that, in this matter, "Officer Johnston could not say what about the item in [Appellant's] pocket made it immediately apparent as contraband." Id. at 12. Appellant maintains that

---

[2] Appellant filed a timely notice of appeal on December 18, 2019. On January 3, 2020, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on January 22, 2020. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on June 8, 2020.

"[b]ald assertions that an officer subjectively believed or [] knew an object to be contraband, without identifying [additional], objective characteristics, [we]re insufficient[.]" Id. at 13. As such, Appellant contends that the Commonwealth failed to prove the seizure was legal and the trial court erred in denying suppression.

Our standard of review for an order denying a motion to suppress evidence is well-settled:

> An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

Commonwealth v. Jones, 121 A.3d 524, 526–527 (Pa. Super. 2015) (brackets and ellipsis omitted).

Our Supreme Court has determined:

> It is well-established that a police officer may conduct a brief investigatory stop of an individual if the officer observes unusual conduct which leads him to reasonably conclude that criminal activity may be afoot. Terry v. Ohio, 392 U.S. 1 (1968). Moreover, if the officer has a reasonable suspicion, based on specific and articulable facts, that the detained individual may be

armed and dangerous, the officer may then conduct a frisk of the individual's outer garments for weapons. Since the sole justification for a Terry search is the protection of the officer or others nearby, such a protective search must be strictly "limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby." Id. at 26. Thus, the purpose of this limited search is not to discover evidence, but to allow the officer to pursue his investigation without fear of violence.

\*          \*          \*

[A] police officer may seize non-threatening contraband detected through the officer's sense of touch during a Terry frisk if the officer is lawfully in a position to detect the presence of contraband, the incriminating nature of the contraband is immediately apparent from its tactile impression and the officer has a lawful right of access to the object. [...T]he plain feel doctrine is only applicable where the officer conducting the frisk feels an object whose mass or contour makes its criminal character immediately apparent. Immediately apparent means that the officer readily perceives, without further exploration or searching, that what he is feeling is contraband. If, after feeling the object, the officer lacks probable cause to believe that the object is contraband without conducting some further search, the immediately apparent requirement has not been met and the plain feel doctrine cannot justify the seizure of the object.

Commonwealth v. Stevenson, 744 A.2d 1261, 1264–1265 (Pa. 2000)

(footnote and some citations omitted).

Here, the trial court determined:

Upon Officer Johnston's pat-down of Appellant for weapons, he felt in his pocket what was immediately apparent, based on his training and experience, as crack cocaine. No manipulation of the object by the officer was needed for him to conclude the criminal nature of the object.

Trial Court Opinion, 6/8/2020, at 7-8.

Upon review of the record and applicable law, we agree with the trial court's assessment.[3] Officer Johnston testified that he "patted down [Appellant] and readily identified a suspected rock of crack cocaine and removed it from his pocket." N.T. Preliminary Hearing , 3/19/2019, at 9. The officer was able to ascertain the contraband nature of the object without further exploration. Officer Johnston immediately identified the mass and contour of the object as a "rock" and readily perceived it as narcotics. Thus, we reject Appellant's suggestion that the officer failed to objectively identify the characteristics of the object. Accordingly, we conclude the record supports the trial court's determination that, pursuant to the plain feel doctrine, the incriminating nature of the contraband was immediately apparent from the tactile impression the seized item imparted to Officer Johnston. As such, we discern no error of law in denying suppression.

_____

[3] Initially, we note that because Appellant stipulated to the facts from the preliminary hearing in this case, he ostensibly agreed that the Commonwealth had proven police seized the contraband based upon its plain feel. See Commonwealth v. Mitchell, 902 A.2d 430, 460 (Pa. 2006), cert denied, 549 U.S. 1169 (2007) ("A stipulation is a declaration that the fact agreed upon is proven, and a valid stipulation must be enforced according to its terms."). However, this Court has previously addressed the merits of an identical challenge where there was a stipulation to the facts as set forth at a preliminary hearing. See Commonwealth v. Angel, 946 A.2d 115 (Pa. Super. 2008). Thus, in the exercise of caution, we proceed to examine the merits of this case, as well. Further, we recognize that, in the instant matter, Appellant does not dispute that police had reasonable suspicion to stop and frisk him, the officer was lawfully in a position to detect the presence of contraband, and/or the officer had a lawful right of access to the object. Instead, the sole issue on appeal is whether the incriminating nature of the contraband was immediately apparent from its tactile impression.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2020